## HAFF *against* THE MARINE INSURANCE COMPANY.

Where a vessel was insured, and during the voyage was *surveyed,* and condemned as not worth the expense of repairs, and the insured offered to abandon for total loss, it was held, that the *survey* was a necessary part of the *preliminary proof* to be exhibited to the insurers, and ought to have been produced to them with the other documents, before the commencement of the action, or some account given why it was not produced.

THIS was an action on a policy of insurance on the schooner *Lucy,* " at and from *New-York* to a port in *North Carolina,* and at and from thence to *Port Antonio,* and *Anotta Bay, Jamaica,*" dated 17th *June,* 1806, valued at 3000 dollars. The policy had the usual *survey* clause ; " That if the vessel, upon a *regular survey,* should be declared *unseaworthy,* by reason of her being unsound or rotten, or incapable of prosecuting her voyage on account of her being unsound or rotten, then the assurers should not be bound to pay their subscription on the policy." The loss

was averred to be by the perils of the sea. The suit was commenced the 13th *February*, 1807. The plaintiff proved property in the schooner, and that she sailed from *New-York* on the voyage, and arrived at a port in *North Carolina*, and proceeded from thence to *Port Antonio*, in *Jamaica*, where she arrived in distress on the 1st *October*, 1806. On the voyage from *North Carolina*, she met with heavy and dangerous seas and storms, and received great injury, so that she could not further prosecute her voyage to *Anotta Bay*, without great repairs, which could not be had at *Port Antonio;* and if they could have been had, they would have cost more than the schooner would have been worth, when repaired. The schooner was accordingly *condemned* at *Port Antonio*, and sold for $528 dollars and 88 cents net, which sum was received by the plaintiff, and credited to the defendants.

The plaintiff abandoned, after notice of the loss, on the 27th *December*, 1806, and gave this evidence of preliminary proof, viz. that when the written abandonment was delivered to the defendants, *certain papers* were also delivered, of which the witness did not know the contents ; that on the 28th *January*, 1807, the same witness went again with the plaintiff to the defendants, and the plaintiff asked if the defendants had agreed to accept the abandonment, and they answered, no ; the plaintiff asked if any other papers or documents were wanting, and they answered, that *nothing was wanting but the survey.* The defendants moved for a nonsuit, for the insufficiency of the preliminary proofs; but a verdict was taken for the plaintiff, reserving the point for the opinion of the court.

*J. Radcliff*, for the plaintiff. This is a question as to the sufficiency of the preliminary proof. This kind of proof arises from a peculiar clause in the policies of insurance of this state, by which the insurers stipulate to pay the loss, in thirty days after proof thereof. The insured ought not to be held to strict proof. If he exhibits documents enough to show, *prima facie*, that a loss has happen-

ALBANY,
February, 1809.

Haff
v.
Marine Ins. Co.

* *Talcot v.
Marine Ins. Co.*
2 *Johns. Rep.*
136.

ed, and that the insurer is responsible, that is all that can be required.* The objection made, that the survey was not exhibited with the other documents, ought not to prevail. The survey relates to the seaworthiness of the vessel, and goes to the defence on the merits before the jury. The interest and loss were fully and satisfactorily proved by the other papers delivered to the defendants.

*Colden*, contra. The clause in the policy, that if the vessel, upon a regular survey, should be declared unseaworthy, by reason of her being unsound or rotten, the insurer should not be bound to pay, &c. has been lately introduced into our policies.(a) It must, therefore, vary the practice as to the preliminary proofs. In regard to this clause, the survey was an important and essential document, to enable the defendant to decide, whether they ought to accept the abandonment, and pay the loss.

THOMPSON, J. delivered the opinion of the court. The question which this case presents, relates to the sufficiency of the preliminary proof. Although the objection is, in some measure, a formal one, yet, if well taken, we are bound to give it effect. The documents required by the underwriters, as a part of the preliminary proof, was a survey of the vessel, after she had met with the disaster, and the voyage broken up at *Port Antonio*. By the policy it is agreed, " that if the vessel, upon a regular survey, should be thereby declared unseaworthy, by reason of her being unsound or rotten, or incapable of prosecuting her voyage, on account of her being unsound or rotten, then the assurers shall not be bound to pay their subscription." The circumstances stated in the case will, I think, warrant me, in assuming it as a fact, that a regular survey of the vessel was made at *Port Antonio*. It was ascertained at that place, that the schooner would require " great and

(a) A similar clause is to be found in the policies of insurance used in *Maryland*. See *Marine Insurance Company* of *Alexandria* v. *Wilson*, (3 *Cranch*, 187.) in which the Supreme Court of the *United States* were of opinion, that the report of surveyors that the vessel was unsound and rotten, but not referring to the commencement of the voyage, was not conclusive.

extensive repairs;" and she was there *condemned.* These circumstances necessarily imply a survey duly made and certified, and it is to be presumed, *prima facie,* to be in the possession of the plaintiff. It is always made at the instance, and for the benefit of the owner or master of the vessel, and it goes of course into his hands. When this survey was called for, in the present case, by the defendants, the plaintiff made no answer; at least, none is stated. If it was not then in his possession, or under his command, he would naturally have accounted for its non-production; and if the inferences which I draw were not correct, the plaintiff should have shown by proof, upon the trial, what was the real fact relative to the survey.

The question then arises, whether the assured who abandons a vessel to the insurer, on the ground that she had received injuries by perils of the sea, which rendered her unable to prosecute her voyage, and which would have cost more than she was worth to repair her, and who had in his possession the survey upon which she was condemned, is not bound to produce it to the insurer who calls for it, as part of the *preliminary proof.* By the usual clause in our policies, the underwriter is to pay, within a certain time, after proof of interest and loss; and we have heretofore considered this stipulation as satisfied by the exhibition of the usual documentary evidence, such as the *register, invoice, protest,* &c. since the object of it was only to furnish reasonable information to the insurer, that a loss had happened for which, according to the terms of the policy, he was responsible. In the present case, the underwriters did not stipulate to become answerable for any loss which should happen by reason of unsoundness or rottenness, and a survey was the document by which that was to be ascertained. It is possible that this survey might have shown, that the schooner was unable to prosecute her voyage, on account of her being unsound or rotten, which would have been sufficient, at least *prima facie,* to exonerate the underwriters. Good faith, and the true spirit and intention of the clause, requiring preliminary proof of loss, requir-

ALBANY,
February, 1809.

Haff
v.
Marine Ins. Co.

ed the plaintiff to disclose, at least, all the documentary evidence in his possession, touching the nature and extent of the loss. The plaintiff contends, that the injury the vessel had received, was so extensive as to give him a right to abandon, and recover, as for a total loss. The survey must have been a material document to the insurers, in forming their judgment, whether the loss claimed was really total, because it is the opinion of competent judges, formed upon the spot, as to the state and condition of the vessel, and the extent of the requisite repairs. No good reason appears for withholding it in the present instance. The very fact of not producing it, was calculated to awaken suspicion. We are accordingly of opinion, that the plaintiff was bound to produce it, or give some account of its non-production, and that he ought accordingly to have been nonsuited upon the trial, and that a nonsuit be now awarded, upon the point reserved.

Judgment of nonsuit.