JUBE *vs.* THE BROOKLYN FIRE INSURANCE COMPANY.

Conditions annexed to a policy of insurance are a part of the contract, and
    have the same effect as though written in the body of it; and when a con-
    dition, thus forming a part of the policy, is not complied with, the assured
    cannot recover in case of loss.

Where a policy contained a condition that the assured should produce, if re-
    quired by the assurers, his books of account and other vouchers in support
    of his claim, and permit extracts and copies to be made; and that until such
    proofs &c. were produced, or if they were refused when demanded, the loss
    should not be payable; and being required by the assurers, after a loss, to pro-
    duce his invoices or bills of goods purchased, or duplicates thereof, he told
    them it was impossible to do so; that he had only found a few bills; and
    although he afterwards found others, he did not produce any to the assurers,
    but, on being required to furnish further statements and the bills of pur-
    chase, he, acting under the advice of counsel, declined to do so; *Held* that
    no recovery could be had, upon the policy.

THIS cause was tried at the circuit and a verdict rendered
    for the plaintiff, and a motion, made at a special term for
a new trial, denied. The defendants then appealed to the
general term. James Carpenter took from the defendants a
policy of insurance on his stock of goods in a store situate in
Brooklyn, upon which a loss was sustained. Carpenter assigned
his claim against the defendants to the plaintiff, and this suit
was brought to recover the amount of such loss. By the ninth
condition of the policy taken from the defendants by Carpen-
ter, it was provided that "whenever required in writing, the
insured or person claiming shall produce and exhibit his books
of account and other vouchers to the insurers or their agents,
at the office of the company, in support of his claim, and per-
mit extracts and copies thereof to be made." And in the
same condition it was further provided that until such proofs
&c. were produced, or if they were refused by the claimant as
required, the loss should not be payable. On the trial it was
proved that the company, after the loss happened and claim
made upon them, gave a notice in writing to Carpenter, re-
quiring him to produce "all original invoices or bills of goods
purchased, or duplicates of the same, and all other vouchers

relating to your business for said period." The witness, Car-
penter, testified on the trial that he "had found only a few
bills. I have found others, but only a part, but did not pro-
duce any to the defendants. They asked me to furnish fur-
ther statements and the bills of purchases, or duplicates of them,
but under the advice of counsel I declined."

The counsel for the defendants moved the court to dismiss
the complaint, upon the ground in substance that the insured
had not complied with the provisions of the ninth condition
in producing the vouchers, bills of purchase or duplicates of
them, which motion was denied and the defendants excepted.
The jury found a verdict for the plaintiff, upon which judg-
ment was entered, and the defendants appealed.

*D. P. Barnard*, for the defendants.

*E. A. Doolittle*, for the plaintiff.

*By the Court*, DAVIES, P. J. The only question which I
propose to consider, is, whether the assignor of the plaintiff
complied with the conditions of his policy, so as to entitle the
plaintiff to recover. The conditions annexed to the policy are
parcel of the contract, and have the same effect as though
written in the body of it; and where a condition, thus forming
part of a policy, is not complied with, the plaintiff cannot re-
cover. (*Jennings* v. *The Chenango County Mutual Ins. Co.*,
2 *Denio*, 75.) In the case of *Smith* v. *The Saratoga County
Mutual Fire Ins. Co.*, (1 *Hill*, 497,) the parties by the policy
had agreed that the policy should not be assigned without the
consent of the company, and the insured did assign it without
such consent, and the court held there could be no recovery on
the policy. BRONSON J., in giving the opinion of the court
said : "However strongly we may desire to get rid of this
conclusion, (viz, that the assignment without the consent ren-
dered the policy void and of no effect,) I do not see how it

can be done. The parties must abide by the contract they have made."

The court of exchequer, in England, in *Mason* v. *Harvey*, (8 *Exch. Rep.* 819,) held that these conditions are reasonable and for the benefit of the insurers, to enable them to decide upon their rights and the extent of their liability before they are called upon to pay, *and no liability attaches until they have been complied with by the insured.*

In *Haff* v. *Marine Ins. Co.*, (4 *John.* 132,) Thompson, J., in delivering the opinion of the court, says, "good faith and the true spirit and intention of the clause requiring preliminary proof of loss, required the plaintiff to disclose at least all the documentary evidence in his possession touching the nature and extent of the loss.  *  *  *  The very fact of not producing it was calculated to awaken suspicion." And in that case the court held that the omission to produce was fatal to the plaintiff, and he should have been nonsuited.

The assignor of the plaintiff in this case had agreed, and it was part of the policy, that he should produce, if required by the assurers, his books of account and other vouchers in support of his claim, and permit extracts and copies to be made. He was required by the defendants, as he testifies, to produce his bills of purchases; he says he told them it was impossible to do so; that he had only found a few bills; that he had since found others, but only a part, *but did not produce any to the defendants;* that they asked him to furnish further statements, and the bills of purchases, or duplicates of them, but under the advice of counsel he declined. It is apparent from this testimony, that Carpenter had some of these vouchers or bills at the time of the demand for them, and could have complied with it, to that extent. But he did not, and it would seem he did refuse under the advice of counsel. We think he was not to judge of the materiality or importance of the papers required. He had agreed to produce them; that is, all such as he had in his possession or with reasonable in-

Jube *v.* The Brooklyn Fire Insurance Company.

quiry could be found, and not having complied with such agreement, we are unable to see how he can recover.

The case of *Bumstead* v. *The Dividend Mutual Ins. Co.* (2 *Kern.* 81,) cited and relied on by the plaintiff's counsel, does not conflict with these views, but we think is in harmony with them. The court excused the insured from the non-production of the papers and vouchers, upon two grounds: First, that they had all been consumed in the fire, and secondly, that the assurers had waived the non-production. Neither of these grounds are applicable to the present case. The court, we think, correctly held that these conditions are to receive a reasonable construction, and are to be construed as requiring only as full and accurate an inventory, statement and production as the party, without fraud or fault on his part, is able to furnish. All that the party was required to produce was such papers as he had in his possession or under his control. We do not see that he had agreed to procure and produce duplicates of his bills of purchases; or that he was under any obligation to procure them and deliver them to the assurers. But we think he did not produce those which he had in his possession or under his control, and which the assurers had a right to require; and that the justice at the circuit erred in refusing to nonsuit the plaintiff and dismiss the complaint.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

[NEW YORK GENERAL TERM, September 20, 1858. *Davies, Sutherland* and *Hogeboom,* Justices.]