GILBERT, receiver, &c. *vs.* THE PHŒNIX INSURANCE
COMPANY.

A stipulation, in a policy of insurance, that the insurance shall be void, in
case the assured, or any other person with his knowledge, shall have exist-
ing, during the continuance of the policy, any other insurance on the prop-
erty, not notified to the insurers and mentioned in, or indorsed upon, the
policy, is a material part of the contract between the parties.

The parties to a contract of insurance have the right to stipulate between
themselves, as to the nature and kind of evidence by which the assent of
the insurers to other insurances shall be manifested. And when they have
thus stipulated, the court has no power to substitute any other kind of evi-
dence, differing in kind or degree,

Accordingly, a condition (made a part of the contract) that notices of all pre-
vious insurances upon the property shall be given to the insurers and
indorsed upon the policy, or otherwise acknowledged in writing, at or be-
fore the time of making the insurance, otherwise the policy shall be void;
and a similar condition in reference to subsequent insurances; together with
a stipulation in the body of the policy that the insurance shall be void in
case the insured shall have any other insurance on the property, during the
continuance of the policy, not notified to the insurers and mentioned in, or
indorsed upon, the policy, constitute a valid agreement; and the failure of
the insured to have other insurances effected by him mentioned in, or
indorsed upon, the policy, or acknowledged in writing, will render the
policy void.

ONE Porter Kellogg was the owner in fee of a certain mill,
at Nunda. In the latter part of December, 1857, he
obtained from the defendants the policy of insurance on
which this action is brought, dated January 1, 1858, insur-
ing him against loss by fire on his mill to the amount of
$2000. In his application for such insurance he stated that
there was no other insurance on the property. In the body
of this policy it was agreed "that in case the assured, or any
other person with the knowledge of the assured, shall have
existing, during the continuance of this policy, any other in-
surance against loss by fire on the property hereby insured,
and not notified to this company, and mentioned in or indorsed
upon this policy, then this insurance shall be void and of no
effect." By condition No. V, annexed to and referred to in
the policy of insurance, it was agreed as follows: "Notice

of all previous insurance upon property insured by this company shall be given to them, and indorsed on this policy or otherwise acknowledged by this company in writing, at or before the time of their making insurance thereon; otherwise the policy subscribed by this company shall be of no effect. And in case of subsequent insurance on property insured by this company, notice thereof must also, with all reasonable diligence, be given to them, to the end that such subsequent insurance may be indorsed on the policy subscribed by this company, or otherwise acknowledged in writing; in default whereof such policy shall henceforth cease and be of no effect." Immediately after making this application to the defendant's company he applied to the agent of the Hampden and the Conway insurance companies, at Rochester, and made an arrangement for a policy of insurance in each company, on the same property, for $1500. These policies were issued immediately after January 1, 1858, and sent to Kellogg by mail. These policies were adopted by Kellogg. No notice was given to the defendant or its agent of these insurances, and of course none was indorsed on the policy. The property was destroyed by fire on the 6th day of May, 1858. The distance from Nunda, where the assured resides, to Hornellsville, the residence of the defendant's agent, is about 25 miles. In October, 1858, one Gleason, a creditor of Kellogg, the assured, commenced a suit against him in the supreme court of Connecticut, in which action the defendant was garnisheed. To avoid the annoyance of litigation, and without admitting any liability upon the policy, the defendant agreed to pay Kellogg $1000 in compromise of the claim, and judgment passed that the defendant pay Gleason the said sum of $1000, which it subsequently did. The plaintiff had notice of this proceeding, but failed to appear and contest Gleason's claim. By a judgment of this court, recovered July 23, 1858, in an action therein pending between Roswell G. Bennett and Robert J. Balty, plaintiffs, and Porter Kellogg, defendant, it was adjudged, among other things, by the said court,

that the before mentioned policies of insurance were the property of said Balty and Bennett, to the amount of $3000, and that a receiver be appointed to take and collect the said policies of insurance, and to pay into the said court, subject to its order, out of the moneys so collected, $3000 and the costs of that action, and that the said Kellogg assign, transfer and deliver the said policies to such receiver; which judgment was perfected in the clerk's office of Livingston county on the 6th day of September, 1858. This action was accordingly brought by the plaintiff, as such receiver, to recover the amount insured in the policy issued by the defendant. The cause was tried at the Livingston circuit, in January, 1861, before the Hon. E. DARWIN SMITH and a jury. The court directed a verdict for the plaintiff for $2350, subject to the opinion of the court at a general term, upon a case to be made by the plaintiff.

*H. Chalker,* for the plaintiff.

*W. F. Cogswell,* for the defendant.

*By the Court,* JOHNSON, J. It was expressly stipulated in the body of the policy, that the insurance should be void in case the assured, or any other person with his knowledge, should have existing, during the continuance of the policy, any other insurance on the property, not notified to the defendant, and mentioned in or indorsed upon this policy. This was a material part of the contract between the parties.

The fifth condition, which is also a part of the contract, provides that notices of all previous insurances upon property insured by the defendant shall be given to it and indorsed upon the policy, or otherwise acknowledged in writing, at or before the time of making the insurance; otherwise the policy subscribed by the company shall be void. In reference to subsequent insurances, the same condition provides that notice thereof must with all reasonable diligence be

given to the company, to the end that they may be indorsed on the policy, or otherwise acknowledged in writing by it, and that in default thereof the policy shall thenceforth cease and be of no effect. It appears from the evidence, and was admitted by the plaintiff's counsel upon the argument, that in addition to the policy in question, the assured effected an insurance upon the same property, in two other companies, to the amount of three thousand dollars, and received policies of $1500 from each, neither of which was notified to the defendant, nor mentioned in nor indorsed upon the policy in question, nor otherwise acknowledged by the defendant in writing. The parties have stipulated that this omission should render this policy void and of no effect, and I can see no way of avoiding such a result, if the defendant chooses to insist upon these provisions. They were obviously inserted for its benefit, and for a substantial purpose, and the assured having entered into the agreement, is not now nor is his assignee at liberty to say they shall not be available, if a breach is clearly established on his part.

The policies all took effect on the first of January, 1858. The policy in question had been applied for, and the application was pending, when the assured made arrangements with the two other companies, in pursuance of which policies were issued and forwarded to him by mail. It does not appear which policy was first received and accepted by the assured. It is insisted by the plaintiff's counsel that the insurances effected in the two other companies were neither previous nor subsequent insurances to the policy in question, but contemporaneous with it, and therefore do not fall within the terms or scope of this policy. But it will be seen that the policy in question provides not only against insurances effected prior, and subsequent, to that in question, but also to those existing during the continuance of the policy in question, embracing every possible case of an insurance, whenever or however effected, which should have an existence, as such, within the period covered by this policy. There is some evi-

dence tending to prove that the agent or person through whom the application for the insurance in question was made, to the defendant's agent, and through whom the assured received this policy, had verbal notice that the assured had made arrangements for one or both the other policies, before the one in question was issued. It does not appear, however, that this person had any authority to act for the defendant in any way, to affect or vary the written agreement. But if he had been the regularly constituted agent, with authority to receive applications and issue policies, and had issued the policy in question, after the verbal notice shown by the evidence, it could not affect the question of a breach, by reason of not having such insurances mentioned in, or indorsed upon, the policy, or otherwise acknowledged in writing.

The parties had clearly the right to stipulate between themselves, as to the nature and kind of evidence by which their assent to other insurances should be manifested. And where they have thus stipulated, the court has no power to substitute any other evidence, differing in kind or degree. To do this would be to make a new contract, which peradventure the parties themselves would never have made. The court is to enforce contracts which the parties have made, but has no power to make new contracts for them, or to alter or vary in any essential particular those they have mutually agreed to be bound by. That this matter, of the kind and degree of evidence by which the assent of the insurers to other insurances upon the same property shall be established, is no mere matter of form or ceremony, but of vital importance, will be readily conceded by every one who has been much in the practice of determining disputed questions of fact upon conflicting testimony. The uncertainty of even the most tenacious memory, the liability to misunderstand and the difficulty of reporting accurately, after a lapse of time, a mere verbal communication, are matters of every day's observation, and it is not at all surprising that parties should pro-

vide for more certain and reliable evidence of important and controlling facts in their contracts.

That such an agreement is valid, and the policy rendered void, by failing to have other insurances mentioned in, or indorsed upon, the policy, or acknowledged in writing according to the terms of the contract, is now, I think, well settled by authority. (*Bigler* v. *The New York Central Ins. Co.*, 22 *N. Y. Rep.* 402. *Jube* v. *The Brooklyn Fire Ins. Co.*, 28 *Barb.* 412. *Basset* v. *The Union Mutual Fire Ins. Co.*, 7 *Cush.* 175. *Forbes* v. *The Agawam Mutual Fire Ins. Co.*, 9 *id.* 470. *Worcester Bank* v. *Hartford Fire Ins. Co.*, 11 *id.* 265. *Hale* v. *Mechanics' Mutual Fire Ins. Co.*, 6 *Gray*, 169. *Carter* v. *The Providence Washington Ins. Co.*, 16 *Peters*, 495.)

On this ground, alone, the defendant is clearly entitled to judgment, for its costs of the action.

Ordered accordingly.

[MONROE GENERAL TERM, March 3, 1862. *Johnson, Smith* and *Welles,* Justices.]