## KATE HEALEY, RESPONDENT, *v.* IMPERIAL FIRE INSURANCE COMPANY, APPELLANT.

INSURANCE—NOTICE OF OTHER INSURANCE. Where a policy of insurance contained a provision for "notice of any other insurance already made or which shall afterwards be made elsewhere," otherwise the policy to be void; and the property was afterwards insured in another company without proper notice: *Held,* that the policy was vitiated.

INSURANCE CASES—BURDEN OF PROOF. A policy of insurance is a contract which must be enforced according to its terms; and the burden of proof is upon the claimant thereunder to show a compliance therewith.

PLEADING ON INSURANCE POLICY. If, in an action on an insurance policy, the claimant alleges generally a compliance with its terms and verifies his pleading, he will not be put to proof unless in the answer particular breach is averred.

NOTICE OF INTENTION TO INSURE NOT NOTICE OF INSURANCE. Where an insurance policy provided for notice of any other insurance which should afterwards be made: *Held,* that notice of intention to further insure was not notice of further insurance, nor equivalent thereto.

INSURANCE AGENT—EXTENT OF AUTHORITY. An insurance agent having authority to receive application, make survey, remit to general agent, receive policy, and collect premium, though the agent of the agent of the insurer for all purposes touching the insurance up to the time of closing the application, has no power after the policy arrives in his hands to waive any of its conditions; all his functions as agent have then ceased, except to receive the premium.

CONSTRUCTION OF INSURANCE POLICIES. In the construction of policies of insurance there is but one safe rule, and that is, to take the contract as written, subtracting nothing therefrom and adding nothing thereto: there is no substantial compliance with its terms, except an exact compliance.

NOTICE OF INTENTION TO RENEW INSURANCE NOT NOTICE OF RENEWAL. If an insurance policy require "notice of any other insurance already made, or which shall afterwards be made elsewhere," a notice of an existing insurance and of an intention to renew it, is not notice of the fact of renewal, nor a compliance with the policy.

APPEAL from the District Court of the First Judicial District, Storey County.

The policy of fire insurance, upon which this action was brought, was upon a frame dwelling house on North F Street, Virginia City, for one thousand five hundred dollars, and upon furniture therein for three thousand dollars. Nearly all the property, alleged to have been worth ten thousand dollars, was destroyed by fire on January 3d, 1869; and this suit was instituted April 1st, 1869. The jury returned a verdict in favor of plaintiff for four thousand five hundred dollars. Defendant's motion for a new trial was overruled.

*Williams & Bixler*, for Appellant.

I. Notice of intention to procure further insurance, or of expectation of obtaining further insurance, is not a compliance with the stipulation in the policy, and is wholly immaterial. (*Forbes* v. *Agawam Mutual Fire Ins. Co.*, 9 Cush. 473 ; *Kimball* v. *Howard Fire Ins. Co.*, 8 Gray, 37.)

II. The authority of the agent was merely to solicit insurance, make surveys, and receive applications ; and though the fact of a prior insurance "already made" might properly be communicated to him when negotiating the contract as a fact entering into the negotiation, yet after the contract was made and the policy issued his functions ceased, and he had no power to deal with the assured in respect thereto. (*Wilson* v. *Genessee Mutual Ins. Co.*, 14 N. Y. 421 ; *Mitchell* v. *Lycoming Mutual Ins. Co.*, 51 Penn. State, 410 ; *Gilbert* v. *Phœnix Ins. Co.*, 36 Barb. 375 ; *Hall* v. *Mechanics Ins. Co.*, 6 Gray, 173.)

III. The failure to give notice of the fact of the subsequent insurance avoids the policy. (*Gilbert* v. *Phœnix Ins. Co.*, 36 Barb. 377 ; *Carpenter* v. *Providence Ins. Co.*, 16 Peters, 495.)

*Henry K. Mitchell*, for Respondent.

I. The policy was not void by reason of the stipulation, because at the time of application there was an existing insurance, of which

defendant had notice ; it also had notice of application already made to renew the insurance then existing ; it was not notice of intention to procure other insurance, but notice of the existence of other insurance, and that the application had been made to renew such existing policy, to take effect when the policy to be renewed should expire.   Such renewal is not within a provision requiring notice in case of making other insurances.   (*Brown* v. *Cattaragus County Mutual Ins. Co.*, 18 New York, 385 ; *Baptist Society* v. *Hillsborough Mutual Fire Ins. Co.*, 19 N. H. 580.)

II.   The authorities cited by appellant are cases where the insured declared an intention to take out other insurance at some future time.   Here there was notice that application had been made ; that is, had been favorably received by the agent, survey made, and sent to the home office ; and that plaintiff expected to receive the policy on the day following, or the day after ; she did, in fact, receive it on the second day.   All this amounts not to a notice of intention to procure, but to a procuring.

III.   Notice of either prior or subsequent insurance to an agent having authority to solicit insurance, receive applications, make surveys, and receive premiums, is valid.   (*Sexton* v. *Montgomery County Mutual Ins. Co.*, 9 Barb. 191 ; *McEwen* v. *Montgomery County Mutual Ins. Co.*, 5 Hill, 101 ; *Schenck* v. *Mercer County Mutual Ins. Co.*, 4 Zabriskie, 447; *Warner* v. *Peoria Marine and Fire Ins. Co.*, 14 Wisconsin, 318.)


By the Court, WHITMAN, J. :


In this case respondent brought action to recover loss by fire of certain property insured by appellant, who defended upon several grounds, one only of which is now urged, and that is, the violation by respondent of stipulation number seven, referred to in, and made a part of, appellant's policy of insurance, as follows :

"That persons who have insured property with this company shall give notice of any other insurance already made, or which shall afterwards be made elsewhere on the same property, so that a memorandum of such other insurance may be indorsed on the policy or policies effected with this company ; otherwise, such policy or

policies will be void. This insurance may be terminated by this company on returning a ratable proportion of the premium for the unexpired term."

Appellant claims that the evidence shows that respondent did in fact procure a subsequent insurance, and failed to give proper or any notice thereof, and that therefore she cannot recover in this action.

Respondent claims that the insurance other than that of appellant was in fact prior thereto, and existed at the time of application therefor, and that due notice was given to agent of appellant; that if not prior in point of actual date of present policy, yet that it was legally so, such being simply a renewal of a policy, being and notified, at the time of appellant's insurance.

The evidence is very brief and not really conflicting. Respondent testifies that she had applied to the agent of the Hamburgh and Bremen Fire Insurance Company for insurance, and when the agent of appellant came to her house to deliver its policy, she told him before she paid him the premium, that " she was about to get another policy;" that she did in fact receive the Hamburgh and Bremen policy two days thereafter; that such agent replied to her saying: " that was all right—that I could get insurance as much as I liked, or something to that effect." Respondent also stated that the application to the agent of the Hamburgh and Bremen Company was for the renewal of an old policy held by her.

On the part of appellant, George W. Hopkins testified that he was its agent to receive application, make survey, remit to general agent at San Francisco, receive policy if granted, and collect premium; that as such agent he received the application of respondent, and on asking question if there was any other insurance on the property, was answered that there would be none on the eighteenth, meaning the eighteenth of June, 1868; and that therefore he indorsed upon the application " no other insurance," and directed the policy to take effect upon the eighteenth; that respondent in answer to a question as to the value of her property, said: " I am going to insure in another company;" to which witness said: "That's all right; I have nothing to do with it, if they take it after you get through with us;" that he did not recollect delivering the

policy, nor any other conversation with respondent, save that at the time of application.

Appellant further proved by its general agents that they never received any notice of other insurance either prior or subsequent; and also exhibited respondent's policy from the Hamburgh and Bremen Company as an original insurance, bearing date June 18th, 1868, and running from noon of that day for one year; and proved by its agents that no other had ever issued to respondent.

The evidence has been thus fully stated, that it may be considered with reference to the several legal points involved, without lengthy repetition. The jury found a verdict for respondent, and the District Court denied a new trial, from which order, and the judgment, this appeal is taken.

As has been said, there is no real discrepancy nor conflict in the evidence. The two conversations testified to by respondent and Hopkins may both have taken place; she may have held an assigned policy in the Hamburgh and Bremen Company, and have considered the one in evidence only as a renewal thereof. In such view, and taking all of the testimony on the part of respondent at its fullest weight, the case will be considered.

It should be here remarked, that as the Hamburgh and Bremen policy has been by both parties, so far as this case is concerned, treated as valid—and as no question has been made as to the effect thereupon—if it was not, that point will be passed with the simple suggestion that the weight of authority upon examination not entirely full, seems to be, that unless a second policy be void upon its face, it should be treated as valid, in reference to a question of breach of condition or stipulation by the insured claiming upon a first.

A policy of insurance is a contract, which must be enforced according to its terms; and the burden of proof is upon the claimant thereunder, to show as pleaded compliance therewith. The various stipulations and conditions constitute as a whole the basis upon which, in this particular instance and generally, the contract is raised; and those outside the body of the policy are made part thereof by due reference.

The claimant having alleged generally a compliance will not be put to proof under sworn pleadings, unless in the answer particular

breach is averred.   In this case such averment is confined to stipulation hereinbefore recited.

The evidence of the respondent upon the issue was really less favorable to her than that of appellant, and only proved that she had notified Hopkins of intention to further insure, to which he assented.   Such notice of intention was no compliance with the terms of the stipulation, as will be presently shown; and his assent could not be held as a waiver on the part of his principal, for the main reason that at the time stated by respondent all his functions as agent had ceased, save to receive the premium. ( *Wilson* v. *The Genessee Mut. Ins. Co.*, 14 N. Y. 418; *Mitchell et al.* v. *The Lycoming Mut. Ins. Co.*, 51 Penn. Stats. 402; *Tate* v. *Citizens Mut. Fire Ins. Co.*, 13 Gray, 79.)

The case made by appellant is stronger against itself in this latter regard, as there can be no doubt that up to the time of closing the application Hopkins was the agent of the appellant for all purposes touching the insurance, and any proper notice to him would have bound his principal; but notice of intention is not a compliance with the terms of the stipulation, nor is it in reality any notice, because not notice of a fact. ( *Forbes* v. *Agawam Mut. Fire Ins. Co.*, 9 Cush. 470; *Kimball et als.* v. *Howard Fire Ins. Co.*, 8 Gray, 34.)

There was notice of a prior insurance; but that was coupled with the statement that it would expire on the eighteenth of June, 1868, so that the agent was right in returning " no insurance," with the direction that the policy should take effect on the eighteenth, as on that day there would be, if applicant's answer was correct, no existing insurance, and if incorrect, her policy would be vitiated by the misstatement, at option of his principal.   Possibly, had the property been destroyed on that very day, it would have been covered by both policies, and appellant have been responsible by reason of the representation of its agent, acting within the scope of his authority, that there was " no insurance," when, in fact, there was one covering the eighteenth, or some portion thereof; but, practically, the view of the agent was correct and his representation right, and the policy of appellant was issued and stands without any prior insurance upon the property.

Waiving, for the present, the question of renewal, and considering the Hamburgh and Bremen policy an original subsequent insurance, pure and simple, was there any compliance on the part of respondent with the stipulation? It is claimed that there was a substantial compliance arising from the notification of intention to obtain other insurance, as renewal of prior. Aside from the fact that such notice is in itself insufficient, and that it was not communicated, according to respondent's own testimony, to any person but Hopkins, who at the time stated by her could not receive it to bind appellant, what can this Court call a substantial compliance with the terms of such stipulation, save one exact? To make such attempt would be to leave insurance contracts to the idiosyncracies of Courts and Judges, who might pronounce as many different decisions as their different *media* of view.

There is but one safe rule, and that is to take the contract as written, subtracting nothing therefrom, adding nothing thereto. (*Conway Tool Company* v. *Hudson River Ins. Co.*, 12 Cush. 144; *The President, Directors, etc. of Worcester Bank* v. *Hartford Fire Ins. Co.*, 11 Cush. 265; *Bigler et als.* v. *The New York Central Ins. Co.*, 22 N. Y. 402; *Carpenter* v. *The Providence Washington Ins. Co.*, 16 Pet. 495; *Hale* v. *Mechanis' Mut. Fire Ins. Co.*, 6 Gray, 169; *Gilbert* v. *The Phœnix Ins. Co.*, 36 Barb. 372.)

Without further particular quotation, hear the apt language of the Court in the last case cited, and the strong expressions in the first. In the former, the stipulation was substantially as in the present. Says Johnson, J.: " The parties had clearly the right to stipulate between themselves as to the nature and kind of evidence by which their assent to other insurances should be manifested. And where they have thus stipulated, the Court has no power to substitute any other evidence differing in kind or degree. To do this would be to make a new contract, which peradventure the parties themselves would never have made. The Court is to enforce contracts which the parties have made, but has no power to make new contracts for them, or to alter or vary in any essential particular those they have mutually agreed to be bound by. That this matter, of the kind and degree of evidence by which the assent of

the insurers to other insurances upon the same property shall be established is no mere matter of form or ceremony, but of vital importance, will be readily conceded by every one who has been much in the practice of determining disputed questions of fact upon conflicting testimony. The uncertainty of even the most tenacious memory, the liability to misunderstand, and the difficulty of reporting accurately, after a lapse of time, a mere verbal communication, are matters of every day's observation, and it is not at all surprising that parties should provide for more certain and reliable evidence of important and controlling facts in their contracts."

" That such an agreement is valid, and the policy rendered void, by failing to have other insurances mentioned in, or indorsed upon, the policy, or acknowledged in writing according to the terms of the contract, is now, I think, well settled by authority."

In the latter case, upon similar stipulation, says Chief Justice Shaw : " When the terms and stipulations in a contract are plain and clear, we are bound to follow the terms, as the only authentic expression of the intentions of the parties ; and in such case there is no room for exposition. It may be that the main purpose of such notice was intended to be, that the company might know what other insurances would be contributory in case of loss. But this may not have been the only purpose. Others at least may be supposed— such as having the best and most satisfactory evidence before them, and on their own books or files, of the whole amount at risk on the same subject at the same time. There is a provision in the policy, that the company may, on certain notice given, return a proportion of the premium, and rescind the contract. Notice of all insurances may be necessary to enable them satisfactorily to exercise this right. But as already said, whatever may have been the purpose, here was the express stipulation ; and to imagine a supposed purpose, and qualify the stipulation so as to give it effect or not, as it would subserve that purpose, would be to ingraft an exception on the contract which the parties have not inserted, and make that conditional which they have made absolute." (*Conway Tool Co.* v. *Hudson River Ins. Co.*, 12 Cush. 150.)

It is claimed that there is a difference, and that distinction should be made between a renewed policy and one original ; and

that the Hamburgh and .Bremen policy of respondent is, in fact, a renewed policy, of which appellant had notice. Respondent's strongest witness in this respect is Hopkins, who testifies that he was notified of an existing insurance, and perhaps of intention to renew.

With reference to notice of intention to renew, as with notice of intention to apply, mere notice of intention is not sufficient. Take the fact of existing insurance, coupled with notice of intention to renew, and add the fact of renewal at a subsequent date; without notice to appellant of such ultimate fact, and there is failure to comply with the stipulation.

It was said in a case coming from an able Court, that "the taking of a policy of insurance, in renewal of the prior insurance mentioned in the application for the first-named policy, was not within the terms or spirit of the provision in the latter policy requiring notice in case of making other insurances." (*Brown* v. *The Cattaragus County Mut. Ins. Co.*, 18 N. Y. 371.) It will, however, be seen upon examination of the case cited, that it was decided upon other grounds, and with reference to other points; and although the expression is entitled to weight, because made in the view of a new trial, and its effect upon instructions of the Court below; and although it is to a certain extent sustained by the case of *The First Baptist Society in Dunstable* v. *Hillsborough Mut. F. I. Co.*, (19 N. H. 580); still, even in the absence of opposing authority, which is not the case as will be seen, such doctrine cannot stand—save upon the untenable basis, that Courts may decide what is substantial compliance with the unambiguous conditions and stipulations of such a contract, and substitute their own interpretation for that of the parties. It was upon this theory actually, that the decision was made in the case last cited, the Court saying: "The defendants' contract must be considered to be for an insurance for five years, with a double insurance to the amount of two thousand five hundred dollars, to subsist during the whole term. The plaintiffs might have renewed their insurance with the same company at Concord, without affecting their policy, and without further consent—the facts to which the defendants had already consented, continuing then to exist in every particular. But the

words " in a company in Concord " are descriptive merely. They form no part of, nor can they affect, the real contract between the parties ; they cannot be construed as one of its conditions, to preclude, by their own force, the plaintiffs from insuring in any other company. It was unimportant to the defendants in what company the other insurance was effected. The insurer's contract is in no respect affected, or the risk increased, by conceding this latitude of choice to the insured.

" If they be considered part of the notice to the defendants, they were, as has been already said, unnecessary—notice of a fact immaterial under the provisions of the fifteenth section—and when the plaintiffs insured in the Protection office instead, that fact was equally immaterial."

If a Court can say in such regard that one matter is unimportant, another immaterial—where the stopping place ? In the case of *Burt* v. *People's Mut. Fire Ins. Co.*, (2 Gray, 398) the point was directly urged by counsel, in brief, and the Court replies: " The plaintiff's suggestion, that a policy procured by him as a renewal of a former policy, or as a substitute for it, is not within the meaning and effect of the defendants' by-laws, seems to us to be groundless."

This opinion is without argument, but there is sufficient reason given in the cases previously quoted from 12 Cushing and 36 Barbour ; and such naturally suggests itself. There may be a difference in value of property insured at different times ; there may be a change in the financial status of a company ; there may be one or a thousand reasons, or none, for the stipulation ; but why search or argue, when the root of the whole matter is, that there stands the stipulation, portion of a contract between parties competent to contract, which cannot lawfully be enlarged, diminished, nor altered, by any Court.

In the present case the stipulation provides for " notice of any other insurance already made or which shall afterwards be made elsewhere on the same property." Even if the Hamburgh-Bremen policy be considered a renewal, still it is a new contract and other insurance within the meaning of the stipulation. (*Brady* v. *Northwestern Ins. Co.*, 11 Mich. 444.)

The District Court gave the law correctly to the jury thus : " If you find from the evidence that the plaintiff procured another insurance with the Hamburgh-Bremen Fire Insurance Company upon the same property covered by the policy sued on, notice by the plaintiff to the defendant of her intention to apply for or procure such other insurance is not a compliance with the stipulations of the policy sued on, which requires actual notice of other insurance at the time, or after it has been or shall have been made.

" If you find from the evidence that the plaintiff procured another insurance with the Hamburgh-Bremen Fire Insurance Company upon the same property covered by the policy sued on, and that the plaintiff did not give notice to the defendant, or its authorized agents, of such other insurance, then by the terms and conditions of the policy sued on, such policy became void."

The jury found against the evidence and contrary to the law, and there is no conflict in the testimony which should prevent a Court from setting aside the verdict, even upon the ground that the same is contrary to the evidence.

The appellant's specification is, " that having obtained from the Hamburgh-Bremen Fire Insurance Company a policy of insurance on the same property insured by the defendant subsequent to the issuance of the policy by defendant sued on, plaintiff failed to give defendant notice of obtaining said subsequent policy, as required by the stipulations made and indorsed on the policy issued by defendant." The assignment is good, and fully sustained in any and every proper view and aspect of the case.

The order of the District Court was error, and must be reversed, the judgment vacated, and the cause remanded for a new trial.