JAMES O'BRIEN, Sheriff, etc., Respondent, *v.* THE COMMERCIAL FIRE INSURANCE COMPANY, Appellant.

Where a policy of fire insurance upon a stock of goods contains a clause providing that the assured will, if required, produce as part of his proofs of loss certified copies of all bills and invoices, the originals of which have been lost, a failure to comply with the condition will defeat a recovery upon the policy in the absence of proof of waiver or of inability, without fault of the insured, fully to perform.

Such a clause does not exact simply copies of the lost originals, but requires at least of the insured, upon the demand of the insurer, duplicates of the invoices of purchases certified by the vendors

*O'Brien* v. *Com. Fire Ins. Co.* (6 J. & S., 4) reversed.

(Argued October 4, 1875; decided November 9, 1875.)

APPEAL from judgment of the Superior Court of the city of New York affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 6 J. & S., 4.)

This action was brought by plaintiff, as sheriff of the city and county of New York, upon a policy of fire insurance issued by defendant to Ezekiel S. Candler, Jr., upon a stock of goods, store-house, etc., in Florida.

Plaintiff claimed by virtue of various attachments issued against the insured. By the policy a loss was "to be paid within sixty days after due notice and proof thereof," made in conformity with conditions of the policy. The policy contained this clause : "The assured shall, if required, submit to an examination or examinations under oath, by any person appointed by the company, and subscribe thereto when reduced to writing ; and shall also produce their books of account and other vouchers, and exhibit the same for examination at the office of the company and permit extracts and copies thereof to be made. The assured shall also produce certified copies of all bills and invoices, the originals of which have been lost, and shall exhibit all that remains of the property which was covered by this policy, damaged or not damaged, for examination by any person or persons named by the company."

The property insured was destroyed by fire October 26th, 1868. The books and papers of the insured, including the original invoices and bills of purchase, were burned. Defendant was notified of the loss, and by letter dated December ninth notified Candler that he must make out "full and complete proof of loss," as required by the policy. Proofs of loss were made out and forwarded, which were received by defendant December 15th, 1868. By letter dated December 31st, 1868, defendant notified Candler that the proofs were defective and required him to perfect the same ; among other things, by furnishing bills and invoices of purchase, or certified duplicates thereof, of all goods bought by Candler. These were not furnished. It did not appear

that the insured was unable to comply with the said request, or that he made any effort so to do. Defendant moved for a dismissal of the complaint on the ground, among others, of failure on the part of the insured to comply with the conditions of the policy in respect to furnishing certified copies of invoices, etc. Which motion was denied, and defendant's counsel duly excepted.

The court charged, among other things, as follows: "As to the point made by defendant's counsel respecting these preliminary proofs that Mr. Candler did not furnish duplicate copies of invoices, I differ with him as to its being a question of law, and I shall leave it to you as a question of fact. The insured was bound to furnish copies of all bills and all invoices that he had in his possession; if they have shown to you by evidence, or it appears by circumstances they were burned, the insured was not bound to send off to the persons from whom he was in the habit of purchasing and requiring a new statement of the items; he was only bound to furnish the contents of the invoices sent to him so far as his memory served;" also, "but if, on the other hand, he furnished all the information he had, and made no concealment, then he has complied with the conditions of the policy and, so far as that part is concerned, is entitled to recover." To these portions of the charge defendant's counsel duly excepted.

Upon exception being made the court said: "I add that he was bound to produce any invoices or other papers called for under his control or that he could reasonably get;". and also added: "I say, as matter of law, he was not bound to send off to persons from whom he was in the habit of purchasing and require a new statement of the items; but if the facts of the case show he could reasonably procure any thing he was bound to do so."

Defendant's counsel renewed his exception to that part of the charge, and also excepted to modification of the charge.

Further facts appear in the opinion.

*William Allen Butler* for the appellant. Plaintiff, in order to recover, was bound to show a substantial compliance by the insured with the condition of the policy as to proofs of loss. (*Savage* v. *How. Ins. Co.*, 52 N. Y., 502; *Shawmut Sugar R. Co.* v. *People's Ins. Co.*, 12 Gray, 535; *Welcome* v. *People's Ins. Co.*, 2 id., 480.; *Campbell* v. *Charter Oak Co.*, 10 Al., 213; *Jube* v. *Bklyn. Ins. Co.*, 28 Barb., 412.)

*Amasa J. Parker* for the respondent. The preliminary proofs offered were sufficient, and having been accepted by defendant's agent it is bound by his acts. (1 Phil. on Ins., §§ 1818, 1113; *Phillips* v. *Pro. Ins. Co.*, 14 Mo., 220; *Lyc. Ins. Co.* v. *Schoolenberger*, 44 Penn. St., 259; *Clarke* v. *N. E. Ins. Co.*, 6 Cush., 342; *Schenck* v. *Mercer Ins. Co.*, 4 Zabr. [N. J.], 417; *Mechanics'* v. *Nichols*, 1 Har. [N. J.], 410; *Priest* v. *Cit. Ins. Co.*, 3 Al., 602; 5 Duer, 587; 50 N. Y., 575.)

Allen, J. In addition to the more usual and ordinary preliminary proofs required to be furnished as a condition precedent to the right of the insured to indemnity against loss, the policy upon which this action is brought provides that "the assured shall, if required, produce copies of all bills and invoices, the originals of which have been lost." The defendant's undertaking is to pay the loss or damage occasioned by the perils insured against, within sixty days after due proof thereof, in conformity to the conditions annexed to the policy. A full compliance with this condition was indispensable to a right of action upon the policy, unless a compliance was impossible or was waived by the insurers. (*Worsley* v. *Wood*, 6 T. R., 710; *Columbian Ins. Co.* v. *Lawrence*, 2 Pet., 52, 53; *Jube* v. *Bklyn. Fire Ins. Co.*, 28 Barb., 412; *Jennings* v. *Chen. Co. Mut. Ins. Co.*, 2 Den., 75; *Savage* v. *Howard Ins. Co.*, 52 N. Y., 502.)

The books and papers of the insured, including the original invoices and bills of purchase, were destroyed by fire, and this gave to the insurers the right to certified copies. They

were distinctly and specifically called for by the letter of the agent of the defendant and the other insurers of December 31, 1868, the insured having, on the ninth of the same month, been formally advised that "complete proofs of loss, as required by said policies," must be made. They were not furnished, and on the twelfth of January, in reply to an evasive letter from the insured, he was referred to the requirements of the letter of the thirty-first December and told that the whole would be required, under oath; and on the fifth of February he was again called upon by letter for duplicate copies of all invoices of goods purchased in 1867 and 1868. The request was not complied with, nor was compliance shown to be impossible. No attempt to supply these proofs was shown. It will not be assumed that the merchants, of whom goods had been bought for the twenty months preceding the fire, were not known, could not be found, or would be unable to furnish duplicates of the bills of goods sold the insured during those months. There was no claim upon the trial that this condition had been complied with; that compliance was impossible, or that the defendant had waived it. The counsel for the respondent contended on the argument in this court that this part of the condition had been waived; but had that been the contention at the trial it would have been a question of fact for the jury. The cause was not tried upon that theory. The judge at Circuit instructed the jury that the insured was not bound, as a condition precedent to a right of action upon the policy, and as a part of the preliminary proofs, to furnish certified or duplicate copies of the bills of purchase, but was only bound to furnish such as he had in his possession, and left it to the jury to say whether he had given the insurers all the information he had, and the jury were told that if he had done so he had complied with the condition and was entitled to recover, so far as that objection was concerned. It is not a question whether the condition is reasonable or unreasonable. It is lawful, the assured has assented to it, and we cannot dispense with it and make a new contract for the parties. Had the

insured been unable from any cause fully to comply with the condition and the inability had been shown to exist, and without his fault probably, a failure literally to comply with it might not have been fatal to the action. (*Bumstead* v. *Div. Mut. Ins. Co.*, 2 Ker., 81.) The difficulty is, that the condition was ignored and set aside by the judge in his instructions to the jury and the defendant deprived of the benefit of a material clause and condition of the contract. The intent and meaning of the clause is neither ambiguous nor obscure and, upon the most favorable interpretation for the insured, exacts from him, upon the requisition of the insurers, duplicates of his invoices of purchase certified by the merchants from whom the purchases were made. The condition is reasonable and not difficult of performance, and the defendant has a right to insist upon a compliance.

The court below seems to have regarded the certified copies called for by the condition as copies of originals in the actual possession of the insured, and the originals which had been in his possession having been destroyed, that the condition had become impossible of performance. They overlooked the fact that it was only in case of loss of the originals that certified copies could be required, necessarily imposing the duty upon the insured to supplement his proofs by copies to be obtained from other sources, the sellers of the goods.

For the error suggested, and without considering the other questions made, the judgment must be reversed and new trial granted.

All concur.

Judgment reversed.