THE NIAGARA FIRE INSURANCE COMPANY

*v.*

THOMAS D. FOREHAND.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*motion for new trial not necessary in suits tried without a jury.* A motion for new trial, the exception to the court's ruling thereon, and the preservation of such motion and exception in a bill of exceptions, are not necessary to preserve questions for review on appeal, in suits tried without a jury.

2. INSURANCE—*provision of policy that insured shall keep books and take inventories is reasonable.* A provision of a fire policy upon a stock of goods that the insured shall take inventories and keep correct books showing purchases and sales, and keep the inventories and books in a place secure from fire when the store is closed, under penalty of forfeiture, is a reasonable provision.

3. SAME—*insured must produce invoices and books as required by his policy.* Where a fire policy requires the insured to produce his invoices and books for examination in case of loss, under penalty of forfeiture, he must comply with such requirement or show a legal excuse for his non-compliance or he cannot recover, in the absence of waiver by or estoppel against the company.

4. SAME—*fact that insured kept no books not an excuse for not producing them.* Where the insured has knowingly assented to the conditions of his policy requiring him to keep books of account, and to produce them for examination in case of loss, the fact that he kept no books will not excuse failure to comply with the conditions.

*Forehand* v. *Niagara Fire Ins. Co.* 58 Ill. App. 161, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Massac county; the Hon. A. K. VICKERS, Judge, presiding.

This was a suit brought in the circuit court of Massac county by appellee, against the Niagara Fire Insurance Company, to recover for the loss of a stock of merchandise which it is alleged was covered by a policy of insurance issued by appellant. The declaration was in the usual form, setting out the policy *in hæc verba*. Appellant

filed a plea of general issue, and in addition thereto special pleas setting up the following defenses:

*First*—A failure to comply with a provision of the policy, as follows: "It is expressly warranted that the insured shall take an inventory of the stock hereby covered, at least once a year, and shall keep books of account correctly detailing purchases and sales of said stock, and shall keep all inventories and books securely locked in a fire-proof safe, or other place secure from fire, in said store during the hours said store is closed for business. Failure to observe the above conditions shall work a forfeiture of all claims under this policy." The plea alleges that the failure on the part of the insured to comply with this provision was intentional and for the purpose of defrauding appellant.

*Second*—That plaintiff, in making his proof of loss, knowingly, willfully and corruptly swore falsely in stating there was no incumbrance on said property.

*Third*—That after the fire on which the loss was based, the plaintiff refused, on request, to produce his books for inspection, as required by the policy.

A demurrer was interposed to these pleas, both general and special. The special cause of demurrer set forth, as to the first plea, that it did not allege one year had elapsed after the issuing of the policy before the fire occurred, and that the insured had a full year in which to take such inventory. The demurrer as to the second plea set forth that the matter therein alleged as to the false swearing was not material, under the provisions of the policy; that no forfeitures were declared by the defendant on account of the matters set up in these pleas, and that they amount to the general issue. The demurrer was sustained, on which ruling appellant assigns error. Judgment was rendered in the circuit court of Massac county against the defendant for $1000. On appeal to the Appellate Court for the Fourth District this judgment

was affirmed, and on appeal the case is prosecuted to this court by the insurance company.

JAMES C. COURTNEY, for appellant.

THOMAS H. SHERIDAN, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

It is urged by appellee that this court cannot consider this appeal, for the reason that no motion for new trial, together with an exception of defendant to the overruling thereof, is shown in the record. No motion for new trial is necessary where the case has been tried by the court without a jury, and in such case it is only necessary that the record show an exception to the judgment. (*Illinois Central Railroad Co.* v. *O'Keefe*, 154 Ill. 508; *Firemen's Ins. Co.* v. *Peck*, 126 id. 493.) The only question therefore properly presented for the consideration of this court is, whether or not there was error in the action of the trial court in sustaining the demurrer to the special pleas filed by the defendant.

One of the provisions of the policy was, that the insured should keep books of account, correctly detailing purchases and sales of stock, and should keep all inventories and books securely locked in a fire-proof safe, or other place secure from fire, in his store during the hours when the store was closed for business; and it was further provided that a failure to observe the above conditions should work a forfeiture of all claims under the policy. The provision is a reasonable one, and appellee having contracted by his policy of insurance to observe it, it was such provision as was necessary to be fulfilled by him, and the failure so to do, with an intention to defraud the insurance company, would result in the forfeiture of his contract of insurance. In *Niagara Fire Ins. Co.* v. *Brown*, 123 Ill. 356, where the same clause in the pol-

icy issued was in question, it was held by this court that such provision had been waived by the agent of the insurance company, but inferentially this court held that such a warranty on the part of the assured was binding upon him if not waived by the company. In this case there was no question of waiver. The plea filed by defendant set up as an absolute defense, failure of the insured to observe this provision of the policy, and a failure on his part so to do with an intent to defraud defendant. Whatever the proof might have shown, the plea was a proper one. An insurance company has the right to require the one it insures, who is carrying on a mercantile business, to keep books of account correctly detailing purchases made by him which make additions to such stock, and also books which show sales decreasing the amount of such stock, and that he shall keep such books in a secure place, ready to be produced in the event of a loss by fire, so that the amount of his loss can readily be ascertained. This provision is not unreasonable, and where the insured, with the full knowledge of the conditions of the policy, enters into a contract of this character, it is a provision with which he must comply. A plea setting up a failure on the part of the insured to comply with a reasonable provision of this character is a proper plea, and presents, when established, a defense in bar.

Another plea set forth as a bar to the action is, that the insured refused to submit his books and invoices for examination when requested. This plea was based upon one of the conditions of the policy to which the plaintiff assented. All the insured was entitled to recover, in the event of a loss, was pay for goods actually destroyed. Books of account and invoices are the only means, in most cases, of arriving at such amount and of the liability of the company. Where an insurance policy makes it incumbent on the insured, in the event of a loss, to produce his books or invoices for examination, he must comply with such provision or he cannot recover. *Jube* v.

*Insurance Co.* 48 Barb. 412; *Haff* v. *Insurance Co.* 4 Johns. 132; *O'Brien* v. *Insurance Co.* 63 N. Y. 108; *Phillips* v. *Insurance Co.* 14 Mo. 220; *Bonner* v. *Insurance Co.* 13 Wis. 677; *Harris* v. *Insurance Co.* 35 Conn. 310; *Thomas* v. *Insurance Co.* 47 Mo. App. 169.

It is urged by appellee as a reason for not complying with this provision, that he kept no books of account. But that is not a sufficient legal avoidance of this condition. A policy of insurance is merely a contract between the insurer and the insured, whereby the insurer contracts, under certain conditions, to pay to the insured, in the event of a loss, a certain amount of money, and the insured on his part contracts to observe certain conditions and provisions in the policy or contract of insurance. If the insured seeks to recover, on the ground of a loss, under the conditions of the policy of insurance, he must also show he has observed the conditions imposed upon him, or show some waiver thereof upon the part of the insurer, or some sufficient reason why such conditions imposed upon him have not been complied with. In this case the insured obligated himself to produce his books of account and invoices, so that, in the event of a loss, the insurance company might have before it some evidence of the amount of loss sustained by him. This condition contracted by him to be observed was a reasonable one, and a failure on his part to comply therewith, without some excuse therefor, presented a sufficient defense by appellant, which it could only set up by way of special plea. The plea of the appellant, therefore, which set up this defense, was a proper one, and the demurrer to it should have been overruled.

It is unnecessary to discuss errors assigned on the sustaining by the trial court of the demurrer to other special pleas, as those discussed are conclusive.

The demurrer to the special pleas should have been overruled, and for the error of the trial court in sustaining the demurrer, and of the Appellate Court for the

Fourth District in affirming the judgment of the circuit court, the judgments of the circuit and Appellate Courts are both reversed, and the cause remanded to the circuit court of Massac county for a new trial in conformity to the views expressed in this opinion.

*Reversed and remanded.*