## Langan *v.* Royal Ins. Co. of Liverpool, Appellant.

*Fire insurance—Policy—Production of books, etc.*

A clause in a policy of fire insurance providing that the insured, " as often as required, shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof, if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made," is reasonable and it is the duty of the insured to comply with a demand made under it.

If under this clause the insured is called upon to produce duplicate bills of articles contained in his statement of loss, and is unable to produce such duplicates, the burden is on him to show, at least that he made a reasonable effort to do so, and was unsuccessful. Where his own evidence shows that he made no effort to comply with the demand of the company, he cannot recover on his policy.

Argued March 7, 1894. Appeal, No. 169, Jan. T., 1894, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1893, No. 33, on verdict for plaintiff. Before Sterrett, C. J., Green, Mitchell, Dean and Fell, JJ. Reversed.

Assumpsit on policy of fire insurance.

The insurance covered bottling apparatus, stock and furniture. Plaintiff testified that all his papers had been destroyed by fire, that he had purchased his machinery from a man named Gray, but he did not know his whereabouts, and that he manufactured nearly all his extracts and goods from substances which he purchased for cash. He further testified that he made no effort to get duplicates of vouchers. Defendants were notified of the loss in August, 1893, and demanded certified copies of vouchers, Sept. 28, 1893, under the terms of the policy, recited in the opinion of the Supreme Court.

The court charged in part as follows:

" [If he did not know how to obtain the duplicate copies of the bills, or did not remember where the goods were purchased, then, of course, there could be no compliance with the terms, and he would be excused. If you believe his testimony, that he did not remember where the goods were purchased, then the noncompliance with this condition will not affect his right to recover for any loss that he sustained.] [2] [If he concealed the knowledge of where his goods were purchased, or if he, knowing where he got his goods, refused to make an effort to get duplicate copies of those bills, then it would be a violation of this condition, which would defeat his right to recover by your verdict.]" [3]

Defendant's sixth point was as follows:

" 6. The court should direct a verdict for defendant. *Answer:* This point is denied." [1]

*Errors assigned,* were (1–3) instructions, quoting them.

*W. E. Doster,* for appellant.—Plaintiff having made no effort to get the bills, the jury should have been instructed to find for defendant: Mispelhorn v. Ins. Co., 53 Md. 473; s. c., 150 Md. 180; O'Brien v. Ins. Co., 63 N. Y. 108; Jube v. Ins. Co., 28 Barb. 412.

*J. Davis Brodhead, William C. Loos* with him, for appellee, cited: Ins. Co. v. Miller, 120 Pa. 504; Ins. Co. v. Schreffler, 42 Pa. 188; Ins. Co. v. Updegraff, 43 Pa. 350; Ins. Co. v. Nichols, 1 Harrison (N. J.) 410; Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Ins. Co., 102 Pa. 262; Sexton v. Ins. Co., 9 Barb. 191; Ins. Co. v. Harmar, 2 Ohio, 452.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 11, 1894:

The policy in suit contains, inter alia, the following clause:

" The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property therein described, and submit to examination under oath by any person named by this company, and subscribe the same; and as often as required, shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof, if originals be lost, at such reasonable place as

may be designated by this company or its representative, and shall permit extracts and copies thereof to be made."

There was evidence tending to show that plaintiff was called on by defendant for duplicate bills of articles contained in his statement of loss; and, in affirming defendant's third point for charge, the learned trial judge instructed the jury, in the language thereof, that if he "could have furnished them, but failed to comply with the request, he had no right to bring the present action, and the verdict must be for defendant." This instruction was undoubtedly correct.

The clause above quoted is manifestly reasonable, and it was the duty of the plaintiff to comply with the demand. If he was unable to produce duplicates of the bills, the burden was on him to show, at least, that he made a reasonable effort to do so, and was unsuccessful: Mispelhorn v. Farmers' Ins. Co., 53 Md. 473; O'Brien v. Com. Ins. Co., 63 N. Y. 108. In the former it is said: " Whether it was possible or impossible for the plaintiff to produce duplicate bills of purchase, was purely a question of fact to be determined by the jury from all the evidence before them, and although it might be found that it was impossible to produce duplicate bills of purchase of a certain class, that fact did not excuse the non-production of those that could have been obtained by a bona fide effort on his part. The plaintiff could not be relieved from the duty imposed on him by his contract, by simply sending out his wife to procure duplicate bills from parties with whom he had been in the habit of dealing; nor could he meet the requirement of the condition of the policy by showing that he supposed or believed that duplicate bills could not be obtained."

In the case at bar, the plaintiff not only failed to show that he could not procure the duplicate bills demanded, but he proved by his own testimony, most conclusively, that he never made the slightest effort to obtain them. Without referring in detail to his testimony, his answers to the following questions will show the utter indifference he manifested to the demand of the company : " Q. Did you make any effort to get duplicates ? A. I did. Q. What efforts did you make ? A. I didn't make any in particular. Q. The fact is you made none ? A. I didn't make any, no. Q. You made none ? A. No."

It follows, from what has been said, that there was no testi-

mony to warrant the instructions contained in those portions of the charge recited in the second and third specifications; and, in view of the plaintiff's own testimony that he made no effort to comply with the just and reasonable demand of the company, the learned trial judge should have directed a verdict for defendant, as requested in the sixth point.

While insurance companies, in dealing with their patrons, are held to the exercise of entire good faith, a like duty is due by the insured to their underwriters. That duty the plaintiff in this case evidently determined to shirk.

Judgment reversed.