## Seibel *v.* Lebanon Mutual Insurance Company.

*Insurance—Fire insurance—Covenant to produce books and papers.*

In an action upon a policy of fire insurance, plaintiff is not entitled to recover where the policy contains a covenant that the insured shall produce to the company when required books, bills, vouchers and other papers, and it appears that the insured made no attempt to comply with the repeated and continued demands of the company for books and papers, until after suit was begun, and then not in accordance with the demand.

Argued May 15, 1900. Appeal, No. 30, Jan. T., 1900, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1898, No. 93, on verdict for defendant, in case of Martin Seibel v. Lebanon Mutual Insurance Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Assumpsit upon a policy of fire insurance.    Before LIVING-STON, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. W. Johnson*, for appellant.—The case was for the jury: Coleman v. N. Y. Bowery Fire Ins. Co., 177 Pa. 239 ; Davis Shoe Co. v. Kittanning Ins. Co., 138 Pa. 73; Davidson v. Guardian Assurance Co., 176 Pa. 525; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568 ; Western & Atlantic Pipe Line Co. v. Home Ins. Co., 145 Pa. 346 ; Thomas v. Western Ins. Co., 5 Pa. Superior Ct. 383.

*W. U. Hensel*, with him *Thomas H. Capp*, for appellee.—The provision in the policy that upon demand the insured should furnish bills or invoices of his goods, and if the originals were lost he should obtain certified copies thereof, was not only a reasonable contract, but its enforcement by the company was especially proper in this case, because the claimant was utterly at a loss to know what his stock really was : O'Brien v. Commercial Fire Ins. Co., 63 N. Y. 108 ; Farmers' Fire Ins. Co. v. Mispelhorn, 50 Md. 180 ; Jube v. Brooklyn Fire Ins. Co., 28 Barb. 412.

OPINION BY MR. JUSTICE McCOLLUM, July 11, 1900 :

This was an action of assumpsit on a policy of fire insurance issued by defendant company for $1,500, on plaintiff's stock of boots and shoes in his store in Lancaster, Pa., the entire stock having been destroyed by fire on March 31, 1898. Several defenses were interposed and as every one of them challenges the right of the plaintiff to recover, the decision of one against the plaintiff is conclusive and makes it unnecessary to consider the others. So, likewise, if one of these defenses must be decided against the plaintiff all the remaining specifications of error become immaterial. The fire occurred on March 31, 1898. On April 21, following, the plaintiff prepared and sent to

defendant company a statement of loss. In this statement plaintiff said, "The loss I am unable to tell exactly. I took an inventory of my stock in the early part of January, 1898. It was then over $3,400. As nearly as I can tell, the goods burned and the value thereof were as follows." Some thirty-three items are then set down, aggregating 2,300 pairs of boots, shoes, slippers, etc., with the prices attached to each. The statement then reads thus: " The annexed typewritten statement of the goods destroyed by fire at my shoe store No. 111 West King street, Lancaster, Pa., amounting to $2,952.05, as nearly as I can tell, is correct to the best of my knowledge and belief, the entire stock having been consumed by the fire."

The policy contains a provision that the insured " as often as required, shall produce for examination all books of account, bills, invoices and other vouchers or certificates thereof, if originals be lost, at a reasonable place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made." On April 14, plaintiff's attorney notified defendant of his employment as counsel and requested a settlement. In the negotiations which followed, defendant company must have made a demand in accordance with the provision above quoted, for on April 21, defendant wrote plaintiff's counsel as follows: "You positively declined to furnish the required information and relied upon a supposed inventory as having been taken in January." On May 17, defendant wrote plaintiff's counsel a letter quoting the above provision, and making a formal demand that this information be forwarded to the office of the company at Lebanon, Pa., by mail or otherwise.

The undisputed evidence establishes that plaintiff made no effort to comply with this request until after suit was brought, and even then not in accordance with the demand. On this branch of the case the learned trial judge charged as follows: " Now this gentleman, Martin Seibel, had contracted to do just what this letter says. He was bound to do that on request. And the difference between this case and the case read from the book by the gentleman a short time ago, that you heard, is that Martin Seibel obtained a number of bills which would fulfill the requirements of that request. But the fault is not that. He did not send them too far off in an adjoining county. The

mails run every day. He should have sent them. It was a part of his contract, and it is a part of his duty, as well as the duty of the insurer to fulfill the contract they have made. A failure to do that of course would prevent him from having the benefit that might be derived from its being sent over." Binding instructions for plaintiff for the full amount of his claim with interest were refused and the jury were instructed to find for defendant. These instructions constitute the specifications of error from eleven to fourteen.

The provision of the policy under consideration was a part of the contract between the parties. It was reasonable and binding on the insured. There was absolutely no evidence of a waiver. It was insisted upon from the first and demand for its performance was renewed and continued. No valid reason was given for refusal to comply with the request. The case was one to which the provision was peculiarly applicable. That plaintiff could not furnish the information as to some of the items of loss was no reason for refusing compliance where compliance was possible. Defendant was entitled to all the information which plaintiff could give to enable it to properly investigate the loss. The place designated by the company was not unreasonable, and to permit the insured to object on this ground would be to nullify the contract. It would in effect allow the insured to designate the place. This cannot be permitted under the terms of the agreement.

The provisions of this contract were material to defendant's case, and plaintiff cannot be allowed to recover without an honest effort to comply or a good reason for noncompliance. Not only was there no compliance or attempt to comply, but also a persistent refusal to conform to the letter or spirit of the contract. It would be a travesty of justice to permit a recovery in such a case.

The cases cited by appellant do not apply. In Coleman v. New York Bowery Fire Insurance Company, 177 Pa. 239, efforts were made by the insured to comply with the terms of the policy, and it was properly left to the jury to decide whether they were reasonable under all the circumstances. In the case in hand the evidence is uncontradicted that no effort was made to comply with the contract on the part of the insured and consequently there was nothing to submit to the jury. Langan

v. Royal Ins. Co., 162 Pa. 357, virtually rules this case. The provision of the policy was substantially the same as in the case in hand. In that case as in this the plaintiff made no effort to comply with the just and reasonable demand of the company, and the result was a decision against him in this court. In Mispelhorn v. Farmer's Fire Insurance Company, 53 Maryland, 473, the court in considering the duty of the insured under such contract said, " Although it might be found that it was impossible to produce duplicate bills of purchase of a certain class, that fact did not excuse the nonproduction of those that could have been obtained by a bona fide effort" on the part of the insured. For the reasons above stated we affirm the judgment in the court below.