## Glenn *v.* Colonial Assurance Company, Appellant.

*Insurance—Fire insurance—Notice to produce books.*

Where all the books of account and vouchers of a person insured are burnt in a fire, and the insurance company notifies the insured to produce his books and papers at an office named within any time during the succeeding month, but the company has no person at the office to receive the books and papers, and after the expiration of the month the insured notifies the company that he will produce the papers and vouchers at the place designated on such a day, and the company keeps the office closed during the whole day, the company cannot claim as a defense to an action on the policy that it was not given an opportunity to examine the books and papers of the insured.

Argued April 13, 1910. Appeal, No. 12, April T., 1910, by defendant, from judgment of C. P. Venango Co., Jan. T., 1909, No. 11, on verdict for plaintiff, in case of R. F. Glenn, trustee in bankruptcy of R. J. Dick, v. Colonial Assurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $691.85. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. K. Jennings,* with him *D. C. Jennings, George Quintard Horwitz* and *Thomas Matthews,* for appellant, cited: Langan v. Ins. Co., 162 Pa. 357; Seibel v. Ins. Co., 197 Pa. 106; Mispelhorn v. Ins. Co., 53 Md. 473; O'Brien v. Ins. Co., 63 N. Y. 108.

*James S. Carmichael,* for appellee.

OPINION BY ORLADY J., October 10, 1910:

The special reasons that were given by the company for returning the proofs of loss that had been furnished by the insured were, first, that they were not accompanied by a certificate of a magistrate or notary public as required by the policy; which omission was promptly remedied by the insured furnishing a proper certificate that was accepted and retained by the company without any further objection; second, the noncompliance with a notice given January 27, 1908, to produce for examination books of account, etc., at such reasonable place as might be designated by the company and to permit extracts and copies thereof to be made. The notice accompanying the return of the proofs of loss concluded as follows: "We designate the office of Charles E. Smith & Son, Franklin, Pa. as such place and any time before March 1, 1908."

The stock of merchandise covered by the policy in suit, as well as the books of account, vouchers, etc., of the insured were totally consumed by fire November 19, 1907, which fact was well known by the company very soon after the fire occurred, so that all proof and explanation that could reasonably be expected by the company would be duplicate bills and such other evidence of the value of the property as the insured might be able to secure and present to the adjuster who acted for the company. We held in Seibel v. Firemen's Ins. Co., 24 Pa. Superior Ct. 154, which case was affirmed by the Supreme Court in 212 Pa. 604, in regard to a similar clause, that, "The provision of the contract is a reasonable one, and the plaintiff upon notice would be bound to comply therewith, but, in order to entitle the defendant to the advantage of it, a place must be designated at which the plaintiff is bound to perform his part of the undertaking." In that case, no particular place was named at which the insured was requested to submit his books, etc., and we held that "if the defendant desired to examine the books of account, etc., of the plaintiff, it became its duty not only to notify him of the fact, but to appoint a place at which they might be produced for

inspection, which place was not to be arbitrarily fixed by the company, but must be a reasonable one as provided by the contract."

In this case the question turns on what is a reasonable time as well as a reasonable place for the insured to comply with such a notice.

The adjuster of the company, W. D. Stroble, Jr., who wrote the letter and notice of January 27, was examined as a witness for the defendant, testified that he had not given any notice to the plaintiff to meet him on any named day or hour between January 27 and March 1, and further, that there was not any person at the place named in the notice between the dates mentioned, who was authorized to act for the company in receiving or examining the evidence of loss as might be submitted. Another adjuster, J. J. Campbell, testified that Mr. Smith, whose office was designated as the place, had no knowledge of the notice or date of such a meeting.

The policy provides that the books, etc., be exhibited to a person designated, but this notice designates only an office but does not name a person. The fair purpose of such a notice and the meeting of the parties which is expected to follow it, is to exhibit the evidence of the loss to a person authorized to pass upon its credibility, to examine into the facts and have explanation made of doubtful matters in order to determine the honesty and legality of the plaintiff's claim. Each party has a right to exact and practice the same good faith and fair dealing which should control a transaction between business men.

The purpose of the notice being to develop the truth and prevent expensive litigation by a fair adjustment of an honest loss, it should be interpreted in the light of its purpose. To name a place for such a meeting and not have a representative at that place is not good faith, and to designate a time which is so indefinite that it could not reasonably be complied with is a mere subterfuge. The accounts, etc., in such a case are of equal importance to each party, and the plaintiff would not be expected to surrender them

to a stranger; or to formally tender them at an empty house or in the nighttime as that would be a meaningless proceeding. Such a construction of this contract cannot be considered a reasonable one.

As stated by the trial judge: "If the company desired to inspect these papers, they should have designated a particular time and place, and not having done so, the whole notice might properly be disregarded. We do not think Mr. Glenn would be expected to deliver up the possession of his papers to anyone or could be required to be in attendance at the office of Charles E. Smith during the whole of the month of February; this is not what is contemplated in the policy."

A detailed schedule of the statement of the loss was served on the defendant on November 24, 1908, and no item contained therein is specifically challenged in the affidavit of defense which was filed on December 5, following. Prior to this, on August 22, the company was notified by the plaintiff, "I have always been ready to meet you at the office of Charles E. Smith for this or any other purpose, either you or your agents. I now notify you that I will meet you at the office of Charles E. Smith & Son, Franklin, Pa., on September 7, 1908 at 10 o'clock, and will then and there furnish you or your authorized agents so far as I can the matters, papers, etc., as per quotations requested." This notice was ignored by the company, and as shown by the testimony of Strobel, the office of Smith was locked up all that day, and Strobel, while in Franklin that day, did not call on the plaintiff, though his office was but a few doors away, and the trial was not had until April 6, 1909.

When the facts are admitted or are clearly proved, what is a reasonable time is a question of law for the court depending upon the circumstances of the case, and under the rule of court all specifications of items and statements of facts necessary to support them contained in the plaintiff's declaration or the statement of claim, and not specifically traversed or denied by the affidavit of defense,

shall be taken as admitted.  The court rightly held the affidavit to be evasive and not sufficiently specific in its denial to exclude the statement of claim from the consideration of the jury.  This being the substantial question involved, the judgment is affirmed.

PORTER, J., dissents.