## Kaplan, Appellant, v. Manufacturers & Merchants Mutual Fire Insurance Company.

*Insurance—Fire insurance—Proof of loss—Requirements of policy.*
In an action on a policy of fire insurance to recover for the partial destruction of a stock of merchandise, the assured cannot recover if it appears that he entirely ignored a provision in the policy which required him to "separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon."

Argued April 29, 1913. Appeals, Nos. 132 and 133, April T., 1913, by plaintiff, from order of C. P. No. 4, Allegheny Co., First Term, 1910, Nos. 569 and 570, refusing to take off nonsuits in case of Solomon Kaplan v. Manufacturers & Merchants Mutual Fire Insurance Company of Philadelphia et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on policies of fire insurance. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*S. Leo Ruslander,* with him *A. Leo Weil, Charles M. Thorp* and *Malcolm Goldsmith,* for appellant.—The proofs of loss submitted were a substantial compliance with the requirements of the policies: Pearce Mfg. Co. v. Lebanon Mut. Ins. Co., 216 Pa. 265; Boyle v. Ins. Co., 169 Pa. 349; Thomas v. Ins. Co., 5 Pa. Superior Ct. 383; Cummins v. Ins. Co., 192 Pa. 359; Yost v. Ins. Co., 179 Pa. 381; Penn Plate Glass Co. v. Ins. Co., 189 Pa. 255; Post v. American Cent. Ins. Co., 51 Pa. Superior Ct. 352.

*Maurice L. Avner,* for appellee.—There was no proper compliance with the policy as to proofs of loss: Seibel Lebanon Mut. Ins. Co., 197 Pa. 106.

OPINION BY ORLADY, J., October 13, 1913:

The plaintiff, as owner of a stock of merchandise which he valued at $20,000, effected insurance thereon in fifteen different companies to the amount of $15,000. A fire occurred which caused a partial destruction of this merchandise, and after the fire all the property was left on the shelves and counters just as it had been placed before the fire. In lieu of a separation of the goods the various groups and shelves were tagged and labeled to show the cost price of the different items and they were designated by names to indicate their special character. The representatives of the thirteen companies, in response to notice of the fire, met and adjusted the loss at $8,500, which was apportioned among the different policies so as to make the estimated liability of each at $566.67. All of the other companies paid the amount fixed by the adjusters. Suits were brought against these two defendants and tried before the same jury, and in each case a compulsory nonsuit was entered which the court refused to lift. Separate appeals were taken to this court, and by agreement of counsel these were argued together as all the questions of law and fact were the

same. The whole controversy centered on the sufficiency of the proofs of loss furnished by the plaintiff. There was no substantial dispute in regard to the important and controlling facts. The defense was that the contractual requirements of the policies had not been complied with, in regard to adjustments, appraisement, inventory of goods and the proof of loss. The plaintiff contended that there was a strict compliance with the terms of the policy.

It appears by the record, that what purported to be proofs of loss were furnished by the plaintiff, but he was promptly notified that they were not satisfactory, and a special request was made for, detailed information, as required by lines 67 to 80, and lines 81 to 85, of the standard form of policy, and further, that the account be translated into the English from the foreign language, in which they were submitted. The policy provides that "if fire occur the insured shall protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon," etc. These definite requirements were ignored entirely, the inventory and proofs of loss furnished having such items as "millinery, $160.00"—"burned out of sight $1,500.00"—"a lot of dry goods $1,600.00"—"a lot as per bill $319.30"—"same $446.00"—"same $172.00"—"a lot of ribbons $350.00," and many others of similar description and value.

There was no evidence of a waiver of any of the requirements of the policy, and as said in Seibel v. Lebanon Mut. Ins. Co., 197 Pa. 106, and a long line of cases of like character the plaintiff's failure to present proper proofs of loss is fatal to his right to recover, and it is unnecessary to discuss the other matters of defense.

For the reason given by the trial judge in refusing to strike off the compulsory nonsuit, the judgment is affirmed.