JOHN POMEROY *vs.* EPHRAIM AND THOMAS MILLS.

CHITTENDEN
*January,*
1830.

Where the proprietors of a town set apart a piece of undivided land for the use of the public, as a public common, which was afterwards used by the public, without interruption, for a number of years, it was held that it had become a common highway.

But the public, by such dedication and subsequent use, only acquire an *easement* upon the land, and not an interest in the soil itself; and any proprietor of an undivided share of land in the town, may maintain ejectment against any one who is in the exclusive possession of any part of the land so set apart, and recover, subject to such *easement.*

Where a piece of land is thus dedicated, by the proprietors of a town, to the public use, such town has no power to convey a right to an exclusive possession of any part of it.

This was an action of *ejectment* for a small piece of land lying in the village of Burlington, with a printing office standing thereon. Plea, not guilty. At the trial in the county court, TURNER, J., presiding, it appeared in evidence, that the land in question was a part of what was called the public square, which had been set apart for the use of the public by the proprietors of the town of Burlington;—that as early as the year 1794 it was occupied as such;—that in 1795, a court house was built on it for the use of the county, by directions of the select men of the town, and in 1796, a county jail was built by the like directions;—that in 1798 one Lyman King, by the consent and agreement of said select men, built a house on said square, which had ever since been continued, and was still occupied as a tavern;—that in 1808 certain persons interested procured an act of the legislature authorizing the select men to confirm their contract with King by giving him a lease of the part occupied by him; which said select men afterwards did;—that in 1798 the proprietors of Burlington passed a vote setting apart the square in question for the use of the public for the erecting of all necessary county and town buildings;—that in April, 1821, the town of Burlingtion passed a vote authorizing the select men to lease the land now demanded by the plaintiff to the defendants, which the select men accordingly did, and that, by virtue of said lease, the defendants took possession of the premises, and built thereon a printing office, and had held and occupied the same ever since.

The plaintiff claimed the premises demanded by virtue of a deed from one of the proprietors of the town, dated June 22d, 1807, conveying to him an undivided share of land in said town.

The jury, under the direction of the court, returned a verdict for the defendants. The plaintiff took exceptions, and the cause was removed to this Court on a motion for a new trial.

The case having been elaborately argued by the counsel,

CHITTENDEN,
January,
1830.

Pomeroy
*vs.*
Mills et al.

PRENTISS, C. J., pronounced the opinion of the Court.—As early as 1794, the land, of which the premises in question form a part, then belonging to the proprietors of Burlington and undivided, was set apart for a public square or common. In 1795, a court house, and in 1796 a jail, were built upon it; and in 1798, the proprietors passed a vote, setting off the square " for the use of the public, for the erecting of all necessary county and town buildings for public use." From 1794, until the defendants erected their building upon it in 1821, the square, forming an area of two acres and a half, was used, with the exception of the portions taken as sites for a court house and jail, as a public highway, and has continued to be so used ever since. In the case of the *State* vs. *Wilkinson,* 2 *Vermont Rep.* 480, where the owner of the land laid out a street, we held it to be a grant or dedication to public use, and that the public, having used it as a highway, acquired an easement which could not be disturbed. By the laying out of the square, and the uninterrupted use of it by the public for nearly forty years, it has become a common highway. But in addition to the public right of way, which is a franchise common to all, the vote of the proprietors gave to the town and county the right of erecting upon the square their necessary public buildings; and this, like the right of way, is an easement upon the land, and not an interest in the land itself. The vote is mere evidence of an appropriation or dedication to the public; and the words, *for the use of the public,* show that the intention was to give a mere easement, which is denfied to be a liberty, privilege, or advantage in land, without profit, existing distinct from an ownership of the soil. No property in the land was conveyed; nor was it necessary for the purposes to which it was intended to appropriate it, that the soil and freehold should pass. Indeed, if the proprietors had been authorized by statute to grant their lands by vote, without deed, as they were to make a division of them amongst themselves, yet as there was no grantee in whom the legal estate could vest, no estate in fee simple could pass by the vote. From the vote, connected with the use of the square by the public as a highway, the right granted must be regarded as a mere easement; and as the vote excludes any use or occupation of the square for other purposes, than a highway and sites for public buildings, it follows that the town of Burlington could not convey to the defendants a right to an exclusive possession of any portion of the square.

If the public have a mere easement, the plaintiff, as proprietor of an undivided share of lands in the town, may maintain ejectment

against the defendants, and recover subject to the easement. By
setting out the square for the purposes stated, the proprietors, as
already suggested, did not part with the property of the soil, but
it remained in them although incumbered with an easement. It is
well settled, that the owner of land, taken for a highway, retains
his exclusive right in the soil, for every purpose of use or profit,
not inconsistent with the public easement, and may maintain tress-
pass or ejectment for any encroachment upon it. (*Lade* vs.
*Shepard,* 2 *Stra.* 1004; *Goodtitle* vs. *Alker,* 1 *Bur.* 153 ; *Har-
rison* vs. *Parker,* 6 *East,* 154; *Jackson* vs. *Hathaway,* 15 *John.
Rep.* 447; *Perley* vs. *Chandler,* 6 *Mass.* 454.)

CHITTENDEN,
*January,*
1830.

Pomeroy
*vs.*
Mills et al.

Judgement reversed, and the cause remanded
to the county court for a new trial.