## REDFIELD vs. THE UTICA AND SYRACUSE RAIL ROAD COMPANY.

Under all the changes of practice, and the purposes to which the action of ejectment is applied, it has been permitted to be brought only against some person in possession, exercising acts of ownership, and claiming title.

Possession must be exclusive of the public, to authorize an action of ejectment to be brought against an individual, as an occupant.

Where a rail road company constructs its railway through the streets of a city, and uses the same, in the ordinary way, by running its cars and locomotives thereon, without any claim of title to, or interest in, the street, beyond the actual enjoyment thereof for the purpose mentioned, the public using and enjoying the street, as such, without disturbance, the premises cannot be said to be " *occupied*," by the company, within the provision of the statute requiring ejectment to be brought against the " *actual occupant*." (2 *R. S.* 304, § 4.)

Nor, in such a case, will the action lie, in favor of one claiming to be the owner of the soil and freehold of the street subject to the easement of the public therein as a street or highway, to recover the possession from the rail road company, on the ground of its " exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein."

THIS was an action of ejectment, brought by the plaintiff to remove the defendants' rail road from one of the streets of the village of Syracuse. The plaintiff owned the fee of the lands occupied by the street, some ten rods in extent. The street was voluntarily dedicated to the public by the plaintiff, and after the dedication, but before the street had been worked, except in sections, the defendants entered, by permission of the authorities of the village, and laid down their track, along the bed of the street, and commenced running their cars. The work

ing of the street was afterwards completed, and from 1837 until the commencement of the action it had been used by the defendants for the running of their cars by steam, and by the public as a street and highway. The action was tried at the Onondaga circuit in March, 1851.

*B. Davis Noxon* and *G. F. Comstock*, for the plaintiff.

*S. Beardsley* and *H. Denio*, for the defendants.

W. F. ALLEN, J. This action is brought to recover the possession of a parcel of land situate in the city of Syracuse, and known as part of Washington street, and so described in the complaint. The plaintiff claims to be the owner of the soil, and freehold, subject only to the easement of the public as used for a street or highway. The dedication to the public of the premises in question, by the owners, for a highway, is conceded by the plaintiff, who claims subject to the right of the public in virtue of the dedication, and to be entitled to the exclusive possession of the premises, and alleges that while he was in possession thereof, the defendants entered into and upon the premises and ejected him therefrom, and wrongfully took possession, and unlawfully withhold the same from him.

The first objection taken by the defendants to the right of the plaintiff to recover, is that the occupation and possession of the defendants is not of a character to subject them to an action of ejectment; in other words, that the plaintiff has failed to establish his wrongful eviction from the premises and the withholding the possession thereof from him by the defendants.

It is shown by the pleadings and evidence, that Washington street, at the point in question, had not been opened and worked as a highway before the construction of the defendants' road, although the land had been set apart by the owners, and dedicated to the public for that purpose, and some part of the street on each side of the premises had been opened and was then in use as such highway. That the defendants, by the consent of, and under an arrangement with, the president and trustees of the then

village of Syracuse, who had the charge, control and care of the public streets in the village, graded, worked and made Washington street, and put it in a proper state and condition for use as a highway over the premises now claimed by the plaintiff, and for some distance on each side, and laid and embedded in the road way, and very near the center of the street, the necessary timbers, and placed thereon the usual iron rail for the passage of the cars, and have since used it as a part of their road within the city of Syracuse. The timbers placed by the defendants to support their roadway are entirely embedded in the road, and no part of the structure is above the surface of the ground, with the exception of a portion of the iron rail, which is, of itself, no serious impediment to the use of that part of the road as a street or public highway in the usual method and with vehicles ordinarily used upon highways and streets. The defendants pass over the road several times daily, and quite frequently with locomotives and cars, and, as is claimed, to the inconvenience, annoyance and danger of travellers, and those living upon and compelled to pass over it, and, it is alleged that the street, for that reason, is less frequented and used than it otherwise would be, and real estate situate upon it is less valuable. The street is nevertheless used as a highway by the public, and all parts of it are open to use and actually used and traveled upon by the public, and there is no objection that the use as a highway is unlawful. Nor is it claimed that the plaintiff has a right, for any reason, to exclude the public from its use, or to the possession of the premises divested of the easement; nor is there any thing in the case to show that the defendants, in any manner, exclude, or claim the right to exclude, the public from the use of the street; or that they have, or claim to have, the exclusive occupation or possession of any part of the street which passes over the plaintiff's premises, unless the occupation of a part of their road for their rails, and their passage over the rails, is such exclusive occupation.

The action of ejectment is a possessory action designed to restore the rightful proprietor to the possession of the property wrongfully withheld, as its name implies. It lay at common

law only in cases of a dispossessing or a putting out of possession. It was originally by one having a lease for years, against one who had ejected or ousted him of his term. The ouster for which this action was brought was a species of disseizure, and was a wrong or injury, carrying with it the entirety of possession, and was not mere trespass or unlawful entry. (*Coke,* 1. 3 *Black.* 199. 1 *Ch. Pl.* 191.) It was necessarily brought against the tenant in possession; and notwithstanding the defendant was compelled to enter into a consent rule or confess the lease to and entry by the plaintiff, and his ouster by the defendant, the plaintiff was compelled to prove that the defendant was in actual possession of the premises at the time of the commencement of the action, until the practice was altered and regulated by rule of court. (*Jackson* v. *Hakes,* 2 *Caines,* 335. *Starkie's Ev. pt.* 4, 543. 4 *B. & A.* 196. 3 *Bl.* 202. 7 *T. R.* 327.) Although this action was soon brought extensively into use for the purpose of trying the title to real estate, still, in form, it retained its original character of a possessory action for the recovery of a term. Hence it becomes a highly artful action, complicated with many fictions and technicalities. But in all the changes of practice, and the purposes to which the action is applied, it has only been permitted to be brought against some person in possession, exercising acts of ownership and claiming title.

The revised statutes of this state abolished all the fictions which had before embarrassed the action of ejectment, simplified and assimilated it in practice to other actions, and authorized it to be brought in some cases where before it could not have been sustained, and placed it, in many respects, upon an entire new footing.

The action of ejectment by 2 *R. S.* 303, § 1, is retained, and authorized to be brought in the cases, and in the manner, theretofore accustomed, subject to the provisions thereinafter contained; and one of the subsequent provisions declares who shall be named defendant in the action, and is as follows: "If the premises for which the action is brought, are actually occupied by any person, such actual occupant shall be

named defendant. If they are not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit. (*Id.* 304, § 4.)

The premises cannot, I think, be said to be occupied, so as to bring the case within the latter clause of the section quoted. If they are not, then this action cannot be maintained, for the reason that the defendants claim no title or interest beyond their actual enjoyment in the manner in which they now use them. And if that is not an occupation, within the meaning of the statute, they are not liable to this action, although they should be held to be wrongdoers, and liable to an action of trespass. The claim of title or interest in the premises, on the part of the defendants, is precisely commensurate with their actual use of them; that is, the only evidence given to subject the defendants, was of the actual use of the premises by them. Can they then be said to be the occupants of the premises, within the meaning of the statute?

The occupancy referred to and intended by the statute was undoubtedly the possession which before the passage of the act was requisite to subject a party to the action. It is only another name for such possession, and the occupant named in the statute, the same person who before was called the tenant in possession, and who alone, at common law, could be served with notice to appear and defend the suit brought in form against the casual ejector. An occupant is one who has the actual use or possession of a thing. (*Bouv. Law Dic.*) It is distinguished from a claim. Possession is the detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name. Occupancy or possession, by one, implies the exclusion of every other individual from the occupancy and possession. A man who only enjoys the use of premises in common with the public can, in no just sense, be said to be an occupant.

Possession must be exclusive of the public, to authorize an action of ejectment to be brought against an individual as an occupant. (*Per Platt, J., in Jackson* v. *Hathaway,* 15 *John.*

Redfield *v.* Utica and Syracuse Rail Road Company.

454.) Suppose the right of way to the public was disturbed, and a man having occasion to pass and repass frequently, should place timbers or plank or other materials upon the premises, to facilitate his passing and repassing, it would hardly be claimed that ejectment would lie against him as an occupant of that part of the road covered by his materials, and which was alike open to the use of the entire public. He might be liable to an action of trespass, but not to an action of ejectment. So suppose a man might, without subjecting himself to this action, but subject, doubtless, to the control of those having authority to regulate the use of the common, to some extent appropriate a part of the public square, in which all the public have an easement, to his own use, in a particular manner, by the fixing a permanent seat, or the erection of a swing or other fixture, not incompatible with the rights of the public and the use to which the square is dedicated, and thus enjoy this easement in a manner somewhat different from the great mass of those participating with him, and perhaps in a manner looking to a more frequent, more permanent, and somewhat more exclusive use of it than that ordinarily contemplated.

True, an individual may, in one sense, be said to occupy a road while passing over it, and to the exclusion of every other individual, for the reason that two bodies cannot, at the same time, occupy the same point of space ; but it is only as one of the public, and for the time being representing the public, that he thus occupies, and his occupation is temporary, and not under a claim of exclusive right, and ejectment will not lie against him. In the cases in which the action of ejectment has been sustained, for the recovery of land in which the public had an easement, there has been an exclusive appropriation of the premises for which the action was brought, by the defendant, and to purposes inconsistent with the acknowledged rights of the public, so that it is not necessary, in the view I take of the defendants' occupation in this case, to examine them in connection with another point made by the defendants upon the trial. (*Goodtitle* v. *Alden,* 1 *Burr.* 133. *Pomeroy* v. *Mills,* 3 *Verm.* 279. *Robins* v. *The Mayor of Pittsburgh,* 3 *Rand.* 568.)

It is proper to remark, however, that the authority of these cases is questioned. (*See* 6 *Peters*, 431 ; 4 *Day*, 328.) What then is the occupation of the defendants, which it is claimed subjects them to this action ?

First, it is said they constructed their road way in the traveled part of the street, by putting down their timbers and placing thereon their iron rail. If this should be conceded to be a wrongfnl act, or trespass, on the part of the defendants, for which an action could be maintained, (a point which I shall not examine or pass upon,) I cannot see that it is an occupation or possession of the premises by them, which subjects them to this action. They cannot be said to be tenants in common in possession of the premises claimed by the plaintiff. The highway is still used by the public, and the public authorities have the care and control of it, as was contemplated by the dedication. Every part of the road is used and traveled upon by those having occasion to pass upon and over it ; and but for the use to which the defendants apply a part of it by the occasional passage of their cars, it would not be claimed that the placing the timbers and the rails was an occupation, within the statute referred to. But the use is a mere easement—a franchise for which ejectment will not lie. (3 *Blk. Com.* 206. *Jackson* v. *May*, 16 *John.* 184.) The timbers are embedded in the soil, and form a part of the road way in which the public have an interest. They may be, and doubtless were, placed especially for the support of the defendants' rail, but they cannot be removed, either by the plaintiff or defendants, without disturbing or injuring the road. The iron rail might possibly be removed with less injury to the soil. It is the personal property of the defendants, and could not be taken by the plaintiff upon a recovery in this action. If this action can be sustained by reason of the putting down of the timbers and iron rail, what will the plaintiff recover, and what will be gained by this action ? He will not recover the timbers, or the rail, or the right to remove them. He cannot, by this action, dictate to the public of what materials or in what manner the road shall be constructed. He will not recover the soil under the timbers,

Redfield v. Utica and Syracuse Rail Road Company.

for the public will still have a right to pass, and enjoy it precisely as they now do.

The plaintiff could not interfere with or remove the superstructure of the road, or any part of it, without interfering with the rights of the public to the use of the road in the form in which the proper authorities have authorized and caused it to be constructed; and so long as this is the case, no individual or corporation can be said to be in the exclusive possession of it. Again, in what way can a writ of possession be executed against the defendants? To take the possession from the defendants and deliver it to the plaintiff, the former must have the exclusive possession, or at least a possession not in common with every other person choosing to enjoy it. Such a possession the defendants in this case have not.

If the sheriff should undertake to deliver possession by tearing up and taking away the rails, which is the only mode of the defendants' occupation, save only when their cars are actually passing over the road, the public authorities, or any individual, would have a right to compel him to desist, and claim the right to use it as a highway, and to pass over it and upon it. Indeed the public will continue to be, as they were, one of the occupants of the road for the purposes of a highway. So far as the occupation of the defendants by their rails is concerned, it can only exist in relation to two strips of about two inches in width and ten rods in length, and that not exclusive, except when the cars are passing over the premises. If the action is to be sustained by reason of the use to which the defendants put their rails, it may be well asked, what is to be delivered to the plaintiff on his writ of possession? Not, certainly, the right to run cars himself upon the road. Neither will it operate as an injunction upon the defendants, restraining them from passing thereafter with their cars. The road and track will remain, and the plaintiff will not have the exclusive possession, or the right to obstruct the road in any manner, or do any act to prevent the passage over it. Would it be claimed that if the plaintiff should succeed in this action the defendants would have no right, by their servants or agents,

and with their teams and ordinary vehicles, to pass over the road? Probably not; and if not, then this action is made a substitute for an action in the nature of a suit in equity to restrain the use of a public highway in a particular manner, but not to the exclusion of the public or of the defendants in the action, but as is claimed, in a manner somewhat different from that contemplated.

This is not the proper office of this action, and it cannot be sustained for that purpose. As I before suggested, the action cannot be maintained under the last clause of the section of the statute. The defendants have exercised no acts of ownership over the premises. Their acts are consistent with a claim to use the premises in their peculiar manner of a highway, and to a mere easement; and there is no evidence that they have ever claimed title to, or any interest in, the premises, either by parol or otherwise. A claim of an easement upon, is not a claim of an interest in, the premises. It has now become a very usual practice for water and gas companies, under the direction of the city authorities, to put down in the public streets of cities their pipes for the conveyance of water and gas to customers; and yet no one, I venture to say, ever supposed that by such act and use of the ground, such companies became the occupants of the portion of ground actually used by them, and were liable to an action of ejectment.

As my judgment will undoubtedly be reviewed, I will add nothing more. The case is one of the first impression, and the argument might be greatly extended.

Judgment must be given for the defendants, upon the ground that they are not proven to be the occupants of the premises, or to have exercised acts of ownership over them, or to have claimed title thereto, or any interest therein.

[ONONDAGA SPECIAL TERM, March, 1851. *W. F. Allen*, Justice.]