By the Court.—Curtis, Ch. J.
The principal question discussed and. presented at the argument was whether the policy was annulled by a violation of the condition contained in these words “if the premises shall become vacant and unoccupied, except as herein specially provided for, or hereafter agreed to by this corporation in writing upon this policy, from thenceforth this policy shall be void, and of no force or effect.”
It is apparent that for the breach of this provision of the policy two separate facts, vacancy and absence of occupancy of the premises insured, must occur, and that, too, jointly, so as to be in existence at the same time. This is what the language of the policy calls for. It is urged by the defendants that these words were not used in the policy in a technical but a popular sense. Happily for the protection of real estate, the words expressing the relations and rights of individuals and the public towards it have existed from a very remote period, and during that interval been interpreted by the courts as always possessing the same meaning. Very little has been conceded to what may . be their use in a popular sense, but it has been deemed that private rights and property were best protected by construing them strictly.
The word vacant is not the synonym of “un *453 occupied.” Vacant means primarily, empty,, void of every substance except air ( Webster’s Dictionary), and unoccupied is that status where no one has the actual use or possession of the thing or property in question. This distinction originates and exists in the language from which the terms descend to us (Redfield v. Utica, &c. R. R. Co., 25 Barb. 58; People v. Ambrecht, 11 Abb. Pr. 101; National Fire Ins. Co. v. McKay, 5 Abb. Pr. N. S. 449).
Although there may be sound reasons for holding that the plaintiff, in the legal sense, and according to which the agreement should be construed, had not ceased to occupy the dwelling-house, yet it is not necessary to rest the decision on this view of it. The language of the policy calls for the dwelling being left both vacant' and unoccupied before the policy will thereby become void. It cannot be, that either in the legal construction or popular sense claimed as the proper definition of the term “ vacant,” that this dwelling-house, in charge of plaintiff’s servants, with all its furniture, cooking utensils, piano, beds, mattresses, and summer clothing belonging to the plaintiff and his family remaining there, was left vacant or empty (Woodruff v. Imperial Ins. Co., First Department, General Term, not reported ; Cummins v. Agricultural Ins. Co., 67 N. Y. 263; O’Brien v. Commercial Fire Ins. Co., 6 J. & S. 517 ; reversed, but not on this point, 63 N. Y. 108).
The court properly excluded the evidence offered, to show that the defendant’s risk was increased, by the alleged vacancy and non-occupancy of the premises, as such vácancy and unoccupancy of the premises did not exist.
The judgment and order appealed from should be affirmed with costs.
Sedgwick and Freedman, JJ., concurred.