### WOODS v. BRODER et al.

(Supreme Court, Appellate Term. April 10, 1908.)

1. GUARANTY—CONSTRUCTION—EXTENT OF LIABILITY.

A guaranty for the payment of rent; which recites that the landlord has exacted from the tenant a guaranty that he will pay the rent that may become due under the lease while he is "in the occupation of" the premises, and which stipulates that the guarantor will, on the failure of the tenant to pay the rent for such months as they are "in occupation of" the premises, pay the rent, when taken in connection with the lease, stipulating that, if the premises shall become vacant, the lessor may enter and relet, binds the guarantor to pay rent only for the time the tenant is in the actual occupation of the premises.

2. SAME—EVIDENCE.

In an action on a guaranty for the payment of rent, which limits the liability of the guarantor to such time as the tenant is in the actual occupation of the premises, evidence that on a designated date the tenant vacated the premises and did not occupy them thereafter is competent.

Appeal from City Court of New York, Trial Term.

Action by Albert H. Woods against David Broder and another. From a judgment for plaintiff, entered on a verdict directed by the court, defendants appeal. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAY-TON, JJ.

Meyer Greenberg (I. Balch Louis, of counsel), for appellants.
Henry J. Goldsmith, for respondent.

DAYTON, J.  The plaintiff sues the defendants as guarantors of the payment of rent under a lease to Charles Treitler and Abraham Peyser of the premises known as the Olympic (subsequently Park) Theater, at Third avenue and 129th street, New York.  The guaranty reads as follows:

"Whereas, the said Albert H. Woods has exacted from the said Charles Treitler and Abraham Peyser as a condition that they furnish to the said Albert H. Woods a guaranty in writing that they will pay all the rents due or that may become due under and by virtue of said lease during the terms thereof while they are in the occupation of said premises:  Now, therefore, we, the undersigned, David Broder and Sarah Cohen, for and in consideration of the sum of one dollar to each of us in hand paid, the receipt of which is hereby acknowledged, and for other valuable considerations, do hereby undertake and agree with the said Albert H. Woods that if at any time during the term of said lease said Charles Treitler and Abraham Peyser will be in the occupation of said premises and shall fail to pay the rent for such month or months that they will be in occupation of said premises during the term of said lease, we, the undersigned, will pay to the said Albert H. Woods such rent or rents for such month or months, as they may become due and payable under said lease, that they the said Charles Treitler and Abraham Peyser shall have failed to pay."

The defendant Sarah Cohen testified that on September 30, 1907, she asked the plaintiff's agent, Herman, for a reduction in the rent; that he said, "No, he wants the full rent; if not, you must deliver us the theater;" that the scenery belonging to the lessees was moved out on that day; and that she "came up again to the office and met Mr. Herman, and he said 'No; Mr. Woods will not agree to it; give us the place or the money.'"  She then said:

"We have removed our scenery already, as he did not give us an answer on the 30th.  He [Herman] said he was satisfied.  On the 30th I had the scenery removed."

This evidence was undisputed.  There appears also in the record a concession that the defendant Broder would, if present, have corroborated Sarah Cohen in all respects, and that "they removed the scenery and got out of possession of this theater and did not occupy it after the 30th of September, 1907."  Both Miss Cohen's testimony and also the concession as to what Broder would testify were then, upon motion of plaintiff's counsel, stricken out, over the objection and exception of defendant.

It was the contention of defendants' counsel, on a motion to dismiss made at the close of plaintiff's case and renewed at the close of the trial, that defendants were not liable because by the terms of their undertaking they could not be held for rental, except for the time in which the lessees were in actual physical occupation of the theater; and upon this contention the evidence of Sarah Cohen and Broder was competent and material, and should have been received.  There was no attempt made to contradict their story.  While the guaranty may seem

at first blush somewhat uncommon in its nature, yet a careful examination of the language leads us to believe that it must be construed to mean exactly what it says, namely, that the liability of the guarantors is restricted to such time as the lessees were in occupation of the premises; and this construction is made necessary from the deliberate use of the phrase in the preamble to the surety agreement and its repetition twice in the instrument itself. Also the provision, contained in the lease, that "in case the said leased premises shall become vacant or unoccupied the said lessor shall have the right to enter" and relet, etc., is a further indication of what was in the minds of the guarantors.

Adopting this construction of the lease, it is apparent that the evidence above indicated was improperly stricken out, and, further, that the questions to the plaintiff on cross-examination by defendants' counsel as to the condition of the theater subsequent to September 30, 1907, and whether or not there was any of the lessees' scenery in the theater or any performance therein after that date, were proper, and should have been allowed. The judgment must be reversed, and upon our theory, that defendants were not liable except for such time as the lessees were in actual physical occupation of the premises, the complaint must be dismissed, with costs.

Judgment reversed, and complaint dismissed, with costs. All concur.