WOODS v. BRODER et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. WORDS AND PHRASES—"OCCUPATION"—"POSSESSION."

The words "occupation" and "possession" are frequently used synonymously, especially in leases and like instruments.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 4906; vol. 8, p. 7736; vol. 6, pp. 5464, 5470; vol. 8, pp. 7757, 7758.]

2. GUARANTY (§ 36*) — CONSTRUCTION — EXTENT OF LIABILITY — "IN OCCUPATION."

A guaranty for the payment of rent recited that the landlord had exacted from the lessees a guaranty that they would pay the rent that might become due under the lease while they were "in the occupation" of the premises, and stipulated that the guarantor would, on default for such months as the lessees were "in occupation" of the premises, pay the rent. *Held* that, to make the instrument effective, the words "in occupation" will be construed to mean "in possession."

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 44; Dec. Dig. § 36.*]

Appeal from Appellate Term.

Action by Albert H. Woods against David Broder and another. From a determination of the Appellate Term (58 Misc. Rep. 567, 109 N. Y. Supp. 908), reversing a judgment of the City Court for plaintiff, and dismissing the complaint, plaintiff appeals. Determination modified, so as to reverse the judgment of the City Court and order a new trial.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry J. Goldsmith, for appellant.
Meyer Greenberg, for respondents.

SCOTT, J. The plaintiff appeals from an order of the Appellate Term reversing a judgment of the City Court in favor of the plaintiff and dismissing the complaint. The defendants are sued as guarantors upon a lease. The plaintiff, being the lessee of a theater in the city of New York, sublet it to Charles Treitler and Abraham Peyser for a term of years ending on April 30, 1909, at an annual rental of $8,400,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be paid in equal installments of $933.33 on the 1st day of each month, except June, July, and August, during the term. The present action is to recover the installment of rent which fell due on October 1, 1907.

The defendants executed and delivered to plaintiff an undertaking wherein they recited the fact that a lease was about to be executed, and that plaintiff had exacted from his lessees, as a condition, that they furnish a guaranty in writing that "they will pay all the rents due or that may become due under and by virtue of said lease during the term thereof while they are in the occupation of said premises." Thereupon the defendants undertook that:

"If at any time during the term of said lease the said Charles Treitler and Abraham Peyser will be in occupation of said premises and shall fail to pay the rent for such month or months that they will be in occupation of said premises during the term of the lease, we, the undersigned, will pay to the said Albert H. Woods such rent or rents for such month or months as they may become due and payable under said lease that they the said Charles Treitler and Abraham Peyser shall have failed to pay."

It does not appear when the lessees went into possession, but it does appear that they were in possession in September, 1907, and that they did not pay the installment of rent falling due on October 1, 1907, to recover which is the object of this action. The defendants now insist that in order to recover the plaintiff must show, not only that the lessees were in legal contemplation in possession of the leased premises, but were in actual physical occupation on the day that the rent fell due; and in this view they have been upheld by the Appellate Term.

To give this construction to the guaranty is to destroy its efficiency, and thus to violate a cardinal maxim for the construction of contracts, whether by deed or by parol, that they shall be so construed as to be made to operate rather than to be inefficient. Broom's Legal Maxims (7th London Ed.) p. 406. It requires no strained construction to read the words "in the occupation of said premises" as meaning "in the possession of said premises"; for the words are frequently used synonymously, especially in leases and like instruments. Redfield v. Utica & S. R. R. Co., 25 Barb. 54. Thus construed, the instrument here sued upon becomes efficient, and as it was undoubtedly intended. to be read; for any other construction would permit the deprivation of his security by the landlord at the will of the tenant. The unusual use of the word "occupation," instead of "possession," is doubtless explained by the fact, which appears from the lease, that there was some doubt as to when the lessor would be able to put his lessees into actual possession and occupation of the leased premises. The intention of the parties evidently was that liability for rent should not begin on the date of the lease, but when actual physical possession should be given. We are unable, therefore, to agree with the construction placed upon the guaranty by the Appellate Term.

We cannot, however, reinstate the judgment of the City Court. There was evidence offered and given, but afterwards stricken out, tending to show that the lessees abandoned and surrendered the premises on September 30, 1907, with the consent of the landlord. If this

should be established, it would have terminated both the lease and with it the defendants' liability for the rent falling due on October 1st.

The determination of the Appellate Term must therefore be so far modified as to reverse the judgment of the City Court, and order a new trial, with costs in this court and the courts below to abide the event.

PATTERSON, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. HOUGHTON, J., concurs in result.