SMITH *v.* LEMON *et al.,* executors.

1. Where for a number of years one has permitted the public to use a tract of land, and the "permissive use" has been accepted by the public, even though this amounts to a dedication to the public use, the ultimate fee to the land remains in the one granting to the public the right to use the land, and he may assert a right and title not inconsistent with the public use.

2. It was contended that under the evidence the plaintiffs had no right or title to a certain mineral well located on the premises sued for, and that the verdict finding title thereto in the plaintiffs was without evidence to support it. Counsel for the plaintiffs, while the motion for new trial was pending, filed for them a written disclaimer to "any and all interest in and to the mineral well located on the premises recovered under the verdict and judgment, as same is described in the original petition as amended." The court did not err in allowing counsel for plaintiffs thus to write off a part of the verdict, over objection upon the grounds that "neither the plaintiffs nor their counsel had any right or power under the law to thus segregate, divide up, and accept a portion of an indivisible verdict returned by a jury, and the judgment and decree entered thereon, and reject another portion thereof, and thus substitute their will, desire, and verdict for the finding returned by the jury, whose sole province it was to make a verdict in said case." Nor did the court err in allowing plaintiffs' counsel to write off the amount awarded as damages.

Appeal and Error, 4 C. J. p. 1043, n. 45.
Dedication, 18 C. J. p. 110, n. 22.
Evidence, 22 C. J. p. 271, n. 3.
New Trial, 29 Cyc. p. 788, n. 97; p. 1020, n. 20.

3. The court did not err in permitting a witness for the plaintiffs to give the following testimony in reference to conversations had by him with the plaintiffs' testator: "He talked to me about the well, a good deal about the well. . . Talked to me about the mineral water down there, and he induced me to go down there. . . Of course, he claimed the property at that time, because it was his." The objection to this testimony was that "it was self-serving. . . The declaration of a deceased in favor of his title is not admissible." But this evidence was admissible, in view of the facts and issues in the case, under the provisions of section 5767 of the Code, which reads as follows: "Declarations of a person in possession of property, in disparagement of his own title, are admissible in evidence in favor of any one, and against privies. Declarations in favor of his own title are admissible to prove his adverse possession."

4. The part of the court's charge complained of in the third ground of the motion substantially stated those contentions of the plaintiffs to which it had reference; and even if the court should have omitted the statement that plaintiffs were seeking compensation for damages, because there was no prayer for damages, this reference to the element of damages in the case is not ground for reversal, inasmuch as the damages recovered were written off.

5. In view of what is ruled in the first division of this decision, the charge excepted to in the fourth ground of the motion for new trial was substantially correct.

6. The court charged the jury in part as follows: "If you find that the title to the premises in dispute, with the exception of the well which it is contended is thereon located, and if· you find that well is not in the plaintiffs in their representative capacity, then the form of your verdict would be, 'We, the jury, find the premises in dispute, except the mineral well, to be in the plaintiffs.' " There are manifestly certain verbal inaccuracies in this charge. The words, "is in the plaintiffs in their representative capacity" should have come immediately after the words "in dispute;" but the meaning of the court is obvious, and this merely verbal inaccuracy is not ground for the grant of a new trial.

7. The parts of the charge excepted to in the 6th and 7th grounds of the motion for new trial, which relate to the subject of damages recoverable, need not be further discussed, in view of the ruling made in the fourth division hereof.

No. 6106. February 27, 1928.

Complaint for land. Before Judge Wood. Cobb superior court. May 21, 1927.

On June 29, 1926, G. L. and E. W. Lemon, as executors of the will of James L. Lemon, deceased, filed their petition against Walter Smith, alleging substantially that the defendant was in possession of a certain described lot of land in the City of Acworth, Georgia; that the plaintiffs, as executors, claim title to the land for the estate of James L. Lemon, and show that at the time of his death he was the owner of the same, being seized thereof in

fee; that James L. Lemon and his predecessors in title were in actual, open, notorious, peaceable, and undisputed possession of said land under claim of ownership for more than thirty years prior to the death of James L. Lemon on June 11, 1907; that on or about April 1, 1926, the defendant, without legal authority, unlawfully took possession of said property, and cut down and dug up certain trees and moved same off of said land, and has stacked lumber on the land; that the defendant cut and removed trees of the value of $5, and was receiving the rents, issues, and profits from the property, of the value of $10 per year. The petition also alleges: "Plaintiffs show further, that the said James L. Lemon permitted the public to use said tract of land as a public park on account of the shade-trees on same, and it has been so used by the public for many years," until the defendant cut down the shade-trees and stacked lumber thereon; that the defendant refuses to deliver the land to plaintiffs, or pay them the yearly profits thereof. Plaintiffs attached to their petition an abstract of their title. By amendment the abstract was amplified; and it was alleged that since the filing of the petition the defendant had committed additional acts of trespass by making excavations and doing grading on the land, and was threatening and preparing to erect a building thereon, and in pursuance thereof had men at work on the property preparing lumber for the purpose of erecting such building; that such excavations and such building would permanently injure and damage the property for the purposes for which it had been and was being used when the defendant began such trespass; and that plaintiffs were remediless to prevent such present and threatened injury, or to assert and maintain their rights in the premises, without the aid of a court of equity. They prayed for injunction, and for decree of title.

The defendant demurred on the grounds: (1) That the petition as amended fails to set out a cause of action. (2) That the allegations are insufficient to authorize the granting of the relief prayed. (3) That the petition shows on its face that James L. Lemon, in his lifetime, parted with the title to the property referred to, by dedicating the same to a public use as a public park; that he had no title thereto at the time of his death, and plaintiffs as executors have no right to prosecute this action. (4) That the allegations are insufficient to authorize the grant-

ing of the relief prayed. (5) That plaintiffs, if entitled to any relief, have an adequate remedy at law, and are not entitled to the equitable relief prayed. The defendant also answered, denying that the plaintiffs or James L. Lemon had any title or interest in the property described. He admitted that he was in possession under a long-time claim of ownership; that he had cut and removed two dead trees, one live tree, and one stump; and that he had done a small amount of excavating, and was preparing to erect a building. Except as so admitted, he denied the allegations of the petition and any right in plaintiffs to the relief prayed for.

The plaintiffs further amended by alleging, that, while James L. Lemon permitted the public to use the property as a park, there had never been any dedication either express or implied, or any acceptance by the public; that he always exercised dominion and control over the property during his lifetime, and any use thereof by the public was by his permission; that plaintiffs as executors had continued to exercise dominion and control over the property, which dominion and control had been recognized by the public; that plaintiffs do not now assert any claim of title inconsistent with the use of the property by the public, but allege that the defendant is a mere trespasser, and that his occupation and use is an injury and damage, not only to the permitted use of the property by the public, but to the ultimate fee, and is a diversion from the use of said property by the public under permission of the plaintiffs, and if continued will be a permanent injury to the ultimate fee, the title to which is claimed by plaintiffs; that plaintiffs have permitted the public to use the property as a park, but the defendant's trespass and use deprives the public and plaintiffs of any use of said property; and that plaintiffs' use is not inconsistent with the use allowed the public. They pray that the decree be so molded as to declare the title to the property in plaintiffs, subject only to any interest the public may have acquired under the permission of James L. Lemon and plaintiffs; and that the ultimate fee be declared in plaintiffs.

The defendant renewed his demurrer. The court overruled all grounds thereof; to which ruling the defendant excepted. On the trial the verdict was as follows: "We, the jury, find the title in plaintiffs. We find in favor of the injunction. We find $50.00 for

damages." The defendant moved for new trial. At the hearing of the motion counsel for the plaintiffs offered to write off from the verdict any and all interest in the mineral well located on the premises recovered, and the sum awarded as damages. This was allowed over objection of the defendant; and the judge overruled the motion for a new trial. The defendant excepted.

*Morris, Hawkins & Wallace,* for plaintiff in error.

*Joe Abbott, J. E. Mozley,* and *Gordon M. Combs,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. It is alleged in the petition that James L. Lemon permitted the public to use the tract of land in controversy as a public park on account of the shade-trees, and that it has been so used by the public for many years. And counsel for plaintiff in error in their written argument insist that the language of the petition, the substance of which we have set forth in the statement of facts, shows that the property in question here had been dedicated by James L. Lemon to the public for park purposes, and that this dedication was accepted by the public. Even if under the language of section 4171 of the Code there had been a dedication by the plaintiffs' testator in his lifetime of the lot of land in controversy for public uses, this would not prevent the plaintiffs from maintaining the suit to recover the land, if they show title in the estate of the testator. The fee to the land, though the public were permitted to use it, remained in James L. Lemon in his lifetime and in his estate after his death. In the case of *Brown* v. *East Point,* 148 *Ga.* 85 (95 S. E. 962), it was held: "Where there has been a dedication of the land to public uses only, the ultimate fee remains unaffected thereby. Cincinnati *v.* White, 6 Pet. 431 (8 L. ed. 452) ; *Bayard* v. *Hargrove,* 45 *Ga.* 342, 351. The effect of such dedication is not to deprive the owner of his title to the land; he retains the exclusive right in the land ' for every purpose of user or profit not inconsistent with the public easement;' but he is estopped, while the dedication continues, from asserting any right in the soil inconsistent with the public easement." And the rule here stated is the general rule in most of the States. "The dedicator may prescribe the terms, restrictions, and limitations on which the land is given; and where the dedication does not operate to divest the owner of his title, he may use the land in any way not inconsistent with the enjoyment of the public rights there-

in, and is entitled to all the profits thereof not necessarily incident and appurtenant to the public user. In such case he has full dominion and control over the land, subject to the easement in the public, and may bring an action for trespass against any person who infringes on the ordinary proprietary rights of the owner of the soil, in a manner not inconsistent with the use of the easement, and, subject to the same restrictions, may also maintain ejectment for the land." 8 R. C. L. 909, 910. While our attention has not been called to any case decided by this court ruling upon the precise question as to whether the dedicator may maintain ejectment to assert title to the land dedicated, it would seem to follow from what was ruled in *Brown* v. *East Point,* supra, that he could; and the principle laid down in the excerpt which we have quoted from 8 R. C. L., as to the dedicator's right to maintain ejectment for the land, is supported by numerous decisions by other courts of this country. See Pomeroy *v.* Mills, 3 Vt. 279 (23 Am. D. 207); Gardiner *v.* Tisdale, 2 Wis. 153 (60 Am. D. 407); Thomas *v.* Hunt, 134 Mo. 292 (32 L. R. A. 857, 35 S. W. 581). In view of what we have ruled above, the court did not err in overruling the demurrer to the petition as amended.

2, 3. The rulings in headnotes 2 and 3 need not be elaborated.

4. Error is assigned upon the following portion of the court's charge to the jury: "George L. Lemon and E. W. Lemon, who style themselves as executors of the will of James L. Lemon, deceased, bring into this court the petition which forms the basis of the action that you gentlemen are now trying. This petition is brought against Walter Smith, who is designated as the defendant therein, and in the petition the plaintiffs, in their representative capacity as such executors, contend that they, as executors of the estate of their decedent, own and have the title to certain premises that are in the petition and the amendment thereto described and set forth, and they allege that without their authority, or authority of their decedent, the defendant in this case has entered into the possession of certain of these premises, and is wrongfully occupying the possession thereof, and has committed certain acts of trespass to the injury and damage of the premises; and the petition is brought to have the title to the premises decreed and adjudged to be in the executors of the estate of James L. Lemon, and also for an injunction to prevent the defendant from further trespass-

ing thereon, and further for compensation for damages which the plaintiffs contend the premises has had by reason of such wrongful possession of the defendant." This charge substantially states those contentions of the plaintiffs to which it relates; and even if the court should have omitted the statement that plaintiffs were seeking in the petition compensation for damages, because there was no prayer for damages, this reference to the element of damages in the case is not ground for reversal of the judgment, inasmuch as the damages recovered were written off.

5. Another portion of the charge excepted to by plaintiff in error is that set forth in the 4th ground of the motion for new trial, as follows: "So, in this case, gentlemen, if you find that the title to this land was never conveyed out of James L. Lemon in his lifetime, or by his executors since his death, and then if you find that defendant has carried the burden of showing that an implied dedication of these premises was made to the public by James L. Lemon, and followed by his executors and acquiesced in by them, for public use, that is to say, for the purpose of permitting the public to use the premises for obtaining of water, or recreation or park, why the court instructs you that that within itself would not deprive the owner of the land and his estate of the fee-simple title to it; and if that still remains in the estate of the decedent, the defendant would have no right to take such possession of the premises and to exercise such control of the premises as would affect the fee-simple title thereto; and if he did, the owner thereof, by proper appeal to the court, can prevent his occupancy in that manner and his use in that way of the premises." In view of what we have held in the first division of this opinion, the charge here excepted to was substantially correct.

6. The ruling in the 6th headnote need not be discussed.

7. The parts of the charge excepted to in the 6th and 7th grounds of the motion for new trial, which relate to the subject of damages recoverable, need not be further discussed, in view of the ruling made in the fourth division of this opinion.

*Judgment affirmed. All the Justices concur..*